## Jarvis F. Burroughs *vs.* State Mutual Life Assurance Company of Worcester.

Upon a policy of life insurance made payable to the assured, his executors, administrators and assigns, and assigned by him for valuable consideration with the assent of the insurers, the assignee may maintain an action at law against them after the death of the assured, although the policy is expressed to be for the use of his wife and children, and he leaves a surviving child, and notwithstanding the St. of 1844, *c.* 82, § 1, — Gen. Sts. *c.* 58, § 62.

Gray, J. This is an action of contract upon two policies of insurance issued to George Kendall at Worcester on the 1st of March 1847 and the 1st of January 1848, by which the defendants, a corporation established by the St. of 1844, *c.* 177, insured his life "for the use of his wife Mary D. Kendall and his children alive at his decease, to be divided as by law provided in division of intestate estates," and agreed to pay "to the assured, his executors, administrators and assigns, at their office," the amount thereof, "for the purpose aforesaid," upon due notice and proof of his death. Kendall and his wife afterwards executed an assignment to Martin C. Stokes of all their title and interest in the policies and all advantages to be derived therefrom; and Stokes at their request executed a like assignment to the plaintiff, and delivered the policies to him, with the assignments indorsed thereon. Each of these assignments was made to secure the payment of money lent by the assignees to Kendall, and was recorded in the books of the insurance company, and is admitted to have been duly assented to by them. The plaintiff has since paid the annual premiums and assessments. Kendall survived his wife, and died, leaving an infant son, who, by his guardian, in fact defends this action. Satisfactory proof of the death of the assured has been given to the defendants.

The defendants rely upon the St. of 1844, *c.* 82, § 1, which was in force when these policies were made, and has been substantially reënacted in subsequent statutes, providing that "any policy of insurance made by any insurance company on the life of any person, expressed to be for the benefit of a married

woman, whether the same be effected by herself or by her husband or by any other person in her behalf, shall enure to her separate use and benefit and that of her children, if any, independently of her husband and of his creditors and representatives, and also independently of any other person effecting the same in her behalf, his creditors and representatives; and a trustee or trustees may be appointed, by any court authorized to appoint trustees, to hold and manage the interest of any married woman in any such policy or the proceeds thereof." The superior court ruled that this action could not be maintained by the plaintiff.

But this court is of opinion that the ruling was erroneous, and that the rights of the child of the assured by virtue of the statute cannot be set up to defeat this action. No trustee has ever been appointed to hold and manage the interest of the wife. The policies are in terms payable to the assured and his assigns. The assignments to the plaintiff, assented to by the insurers, transferred to him the legal title in the policies, and the right to sue thereon. *Palmer* v. *Merrill*, 6 Cush. 288, note. *Kingsley* v. *New England Insurance Co.* 8 Cush. 393. If the assured had afterwards died, leaving no wife or child surviving, the assignments would have entitled the assignee to receive the whole amount of the policies to his own use. The plaintiff, having the legal title, may maintain this action at law, and, if he recovers judgment, will hold the proceeds, so far as they enure to the benefit of the child of the assured, in trust for him. The equitable rights of the child under the statute, and the extent to which they may be subject to a claim of the assignee for reimbursement of the sums paid by him for premiums and assessments, or otherwise, cannot be now determined, but may be ascertained upon a bill of interpleader filed by the insurance company, or in a suit by the child against this plaintiff after he shall have recovered judgment in this action.

The cases cited by the defendants contain nothing inconsistent with this conclusion. In *Swan* v. *Snow*, 11 Allen, 224, the policy was not only taken out by the wife, but was in terms made payable to her and her representatives, and the represen

tatives of the husband had therefore no title, legal or equitable, against the surviving children. In *Moehring* v. *Mitchell*, 1 Barb. Ch. 264, it was only held that under the statutes of New York the wife could not by will executed in her husband's lifetime prevent her interest in such a policy from passing to his representatives if neither the wife nor any child should survive him. In *Eadie* v. *Slimmon*, 26 N. Y. 1, the point decided was that a wife, who had joined with her husband in an assignment of such a policy, might, after his death, and the payment of the amount of the policy into court by the insurers, maintain an action against the assignee for the fund, deducting the amount of the premiums paid by him while he held the policy, with interest. The cases of *Burridge* v. *Row*, 1 Y. & Col. Ch. 183, and *Connecticut Mutual Life Insurance Co.* v. *Burroughs*, recently decided by the superior court of Connecticut, were in equity, and, whatever light they may throw upon the equitable rights of the parties, do not affect the plaintiff's title to recover at law upon the express contract between him and the insurers, arising out of the terms of the policies, and of the assignments to which they have assented. *Exceptions sustained.*

*N. A. Leonard*, for the plaintiff.

*P. C. Bacon & H. Chapin*, for the defendants.