### ADA GOULD *vs.* BENJAMIN F. EMERSON.

A policy of life insurance, expressed, in accordance with the Gen. Sts. *c*. 58, § 62, to be for the benefit of the widow and child of the assured, cannot be affected by his will.

If a policy of life insurance, expressed to be for the benefit of the widow and child of the assured, is made payable, upon his death, to his executor, the executor is liable to the child, as for money had and received to the child's use, for the child's share of the amount of the policy collected by him from the insurers, after deducting from such amount his expenses of collecting the same, including the expenses of taking out administration here if this was the only estate of the deceased in this Commonwealth.

CONTRACT by the only surviving child of Alonzo P. Gould, late of Nashua in New Hampshire, deceased, against the defendant as his administrator with the will annexed, to recover one half of the sum received by the defendant from the New England Mutual Life Insurance Company upon a policy of insurance made by them to him at Boston on February 18, 1862, upon his life, by which they promised to pay the sum insured to him, his executors, administrators or assigns, in sixty days after due notice and proof of his death, " for the benefit of his widow, if any, and his then surviving child or children."

The testator in his will, which was duly proved in New Hampshire, declared that, for reasons therein stated, he made no bequest to his daughter, the plaintiff; appointed his wife executrix; ordered whatever sum should be paid on this policy to be

paid to her; and bequeathed to her, to her sole and separate use, the said policy, the money due thereon at his decease, and all the benefits, privileges and rights thereunto in any way appertaining.

The defendant, who resided in New Hampshire, and was served with this writ by summons in this Commonwealth, was duly appointed and qualified administrator with the will annexed of the deceased, both in this Commonwealth and in New Hampshire, and received the amount of the insurance from the insurance company after such appointment, and refused, upon demand, to pay to the plaintiff any part thereof. The plaintiff also resided in New Hampshire.

The case was submitted to the judgment of the court upon the foregoing facts.

*B. Dean,* for the plaintiff.

*D. S. Richardson,* for the defendant.

GRAY, J. The rights of the parties are regulated by the statute law of Massachusetts. It is unnecessary therefore to consider whether, by the general principles of equity jurisprudence, the policy of insurance on the life of Alonzo P. Gould, for the benefit of his wife and children, would have constituted an executed voluntary settlement which he could not have revoked by a subsequent like settlement or by will, and which could have been enforced against his representatives. See *Fortescue* v. *Barnett,* 3 Myl. & K. 36; Lewin on Trusts, (3d ed.) 86–92; *Stone* v. *Hackett,* 12 Gray, 227.

The Gen. Sts. *c.* 58, § 62, in accordance with which this policy was issued, provide that " a policy of insurance on the life of any person, expressed to be for the benefit of any married woman whether procured by herself, her husband, or any other person shall enure to her separate use and benefit and that of her children, independently of her husband or his creditors, or the person effecting the same or his creditors." This is but a reënactment of a provision which has been incorporated for many years in the legislation of the Commonwealth. Sts. 1844, *c.* 82, § 1; 1854, *c.* 453, § 28; 1856, *c.* 252, § 42. See also St. 1864, *c.* 197. It proceeds upon the theory that the interest of a man's wife and children in his life, and his duty to make reasonable pro-

vision for their support, are not wholly subordinate to the claims of his creditors; and that he may make an irrevocable settlement of a policy of insurance on his life for the benefit of his family. The words of the statute are too clear to be misunderstood. Even " if the premium is paid by any person with intent to defraud his creditors," only " an amount equal to the premium so paid, with interest thereon, shall enure to the benefit of his creditors." The security is declared by the statute to be not merely independent of the creditors of the husband or of those of the person effecting insurance, but independent of the husband or the assured himself. The manifest purpose is, not only to prevent the creditors from reaching the fund by proceedings in law or equity, but to restrain the debtor from revoking, in a moment of caprice or embarrassment, the trust which he has once created upon a meritorious, and, by the statute, a sufficient consideration.

There does not appear to have been any such statute in those states in which the decisions were made upon which the defendant relies. None is referred to in *Pennington* v. *Gittings*, 2 Gill & Johns. 208. The statute of Tennessee, under which *Rison* v. *Wilkerson*, 3 Sneed, 565, arose, only provided that an insurance effected upon a man's life should enure to the benefit of his widow and heirs, and not be subject to his debts; and did not insert the words of our statute, " independently of her husband," and of " the person effecting the same." The policy also, in that case, was in common form, without any special stipulation; and the court, in speaking of the argument that it operated as a settlement upon the widow and children of the deceased, which could not be diverted from their use and benefit by any act either of the husband or his creditors, said : " It would be more difficult to meet this argument, if indeed it could be successfully met at all, if the policy had expressly provided that in the event of death the sum secured should be paid to the widow and children."

The policy upon the life of Alonzo P. Gould is expressly made payable, upon his death, " for the benefit of his widow, if any, and his then surviving child or children." The rights of the

widow and the surviving child are fixed by the policy ; and, as their proportions are not otherwise specified, they must take equal shares.  *Allen* v. *Hoyt*, 5 Met. 328.   *Crockett* v. *Crockett*, 2 Phil. Ch. 555   The assured could not affect, by his will, the construction of the policy or the distribution of the proceeds thereof.

The contract of the insurance company having been made with the assured, his executors, administrators and assigns, the defendant, as his administrator, might by law collect the amount of the policy.  *Burroughs* v. *State Assurance Co.* 97 Mass. 359. But it was not general assets in his hands, liable to the payment of debts, or to distribution under the will of the deceased or the law of his domicil.  The defendant held it in trust, to be paid over to the widow and child of the deceased in equal parts. The plaintiff does not claim as a creditor, legatee or distributee, but as *cestui que trust* of money in regard to which the trustee has no duty but immediate payment.  The plaintiff may therefore, upon familiar principles, recover the amount due to her, as money had and received to her use.  *Arms* v. *Ashley*, 4 Pick. 71. *Wheelock* v. *Pierce*, 6 Cush. 288.   *Carney* v. *Dewing*, 10 Cush. 498.  The defendant is entitled to deduct, out of the money collected, his expenses of collection, which may include the expenses of taking out administration here, if this was the only estate of the deceased in this Commonwealth.

*Judgment for the plaintiff.*