ELIZABETH W. BAILEY vs. NEW ENGLAND MUTUAL LIFE
INSURANCE COMPANY.

When the promise of the insurer in a policy is to the insured, his executors, admin stra-
tors and assigns, to pay him, his executors, administrators or assigns, an action upon
it cannot be maintained in the name of one for whose benefit it is expressed to be
made.

CONTRACT upon a policy of life insurance. Writ dated June
9, 1873. The declaration alleged that the defendants made a
policy of insurance, a copy of which was annexed, for the sum of
$2500, on the life of Joseph A. Bailey, Jr., for the term of his life,
for the benefit of his widow. After the allegations of the death
of the insured March 21, 1873, and notice and proof of the same
to the defendants, the declaration concluded, " and the plaintiff is
the widow of said deceased, and the defendants were bound to pay
the amount of said loss to the plaintiff within sixty days after said
notice." By the terms of the policy, which was dated June 28,
1860, the defendants, in consideration of the premium paid and to
be paid annually " by Joseph A. Bailey, Jr.," " being the assured
in this policy." " do insure the life of said Joseph A. Bailey, Jr.,
in the amount of $2500 for the term of his life." "And the said
company do hereby promise to, and agree with the said assured,
his executors, administrators and assigns, well and truly to pay
the said sum insured to the said assured, his executors, admin-
istrators or assigns, sixty days after due notice and proof of the
death of the said assured during the continuance and before the
termination of this policy. For the benefit of his widow, if any."

In the Superior Court the case was submitted upon the follow-
ing agreed statement of facts:

" The defendants admit all the facts necessary to enable the
plaintiff to recover, except her right to maintain this action in
her own name, and insist that no action can be brought upon said
policy except in the name of the executor or administrator of
Joseph A. Bailey, Jr., the insured. This question is submitted
to the court, judgment to be entered for the plaintiff in the sum
of $2500, with interest from May 29, A. D. 1873, or for the de-

fendants, as the court shall determine upon the foregoing agreed statement."

Judgment was ordered for the defendants, and the plaintiff appealed to this court.

*F. V. Balch*, for the plaintiff.

*D. Foster*, for the defendants.

ENDICOTT, J.   We think the question raised in this case has been settled by the recent decisions of this court.   In *Burroughs* v. *State Assurance Co.* 97 Mass. 359, it was held, on a policy payable upon the death of the assured to his executors, administrators or assigns, for the use of the wife and children of the assured, that an assignee of the same could maintain the action, although in fact it was defended by the guardian of an infant child of the assured, the wife being dead.   If the assured had left no wife or child, the assignee, upon recovery, would have received the whole amount to his own use; as the assured left a child, the assignee would hold the amount recovered subject to the equitable rights of the child, which could not be determined in that suit, but might be, if necessary, in a suit brought afterwards by the child against the assignee.   In *Gould* v. *Emerson*, 99 Mass. 154, such a suit was brought by a child against an administrator who had received the amount due upon a similar policy, and judgment was for the plaintiff, on the ground that the same having been properly paid to the administrator, he held it as trustee ; that the plaintiff did not claim as creditor, legatee or distributee, but as *cestui que trust* of money in regard to which the trustee had no duty but immediate payment.

The principle upon which these decisions rest is, that in policies of this kind the executor, administrator or assignee becomes a trustee under an express trust, and the legal title being in him, he can maintain an action in his own name against the company. It therefore necessarily follows that the *cestuis que trust* cannot maintain such action, but must have their rights determined between themselves and the trustee in other forms of proceeding. This brings this class of trusts within the general rules governing all trusts, and renders the practice simple and uniform.   To allow *cestuis que trust* to maintain actions in their own names

might subject insurers to several suits on the same policy, or call upon them to determine who has the beneficial interest, or force them to resort to a bill of interpleader to ascertain the equitable rights of the parties.

In *Campbell* v. *New England Insurance Co.* 98 Mass. 381, a suit was brought, as in the case at bar, by a wife who had the entire equitable interest, but the objection that she could not maintain the action was not taken till the case was on trial for the third time. The court held that the defendants, by their previous conduct of the case, had waived the right to avail themselves of this objection, but intimated that if valid, and seasonably taken, it would have rendered the other ground of defence immaterial. See also *Exchange Bank* v. *Rice*, 107 Mass. 37.

We think the objection valid, in this case seasonably taken, and there must be *Judgment for the defendants.*