ANN F. W. CRAGIN *vs.* GEORGE B. CRAGIN.

Franklin, 1876.—October 5, 1876.

### *Life insurance.*

A procured a policy upon his life "for the benefit of his wife and children" and had it made payable to them and died intestate. *Held,* that the policy will not go to the administrator as assets; but to the beneficiaries by virtue of the contract and not by descent.

In the absence of any provision in the policy making an unequal division of the proceeds the payees will take equally.

R. S., c. 75, § 10, applies only when the policy is payable to and becomes assets of the estate; in which case neither the widow nor heirs can maintain an action for their respective share of the proceeds, but must seek their remedy in the probate court.

On report.

Assumpsit, by the widow of John Cragin for her share of the amount of $2,358.05, collected by one of his sons, the defendant, under a power of attorney from her and his brothers and sisters, on a life insurance policy procured by John Cragin, "for the benefit of his wife and children," February 14, 1867.

John Cragin, at the time of his death, December 16, 1874, left ten children, all of age, by former wives, his only child by the plaintiff, born seventeen months after procuring the policy having died shortly before him.

After the defendant collected the money, a question arising whether the widow was entitled to one-third under R. S., c. 75, § 10, as she claimed, or only one-eleventh under the contract as the children claimed, this action was brought by her and reported to the law court, on facts, agreed for adjudication.

*S. H. Lowell*, for the plaintiff.

*E. F. Pillsbury*, for the defendant.

Danforth, J. John Cragin in his lifetime procured a policy of insurance upon his life "for the benefit of his wife and children." It was made payable "to the said assured their executors, administrators or assigns, or guardian of children under age." The said Cragin died intestate leaving a widow and ten children. After his death the defendant collected the amount due on the policy, by virtue of a power of attorney from the widow and children. The widow now brings this action to recover her share of the proceeds of the policy; and the amount of that share is the only question in controversy. She claims one-third of the whole amount by virtue of R. S., c. 75, § 10. But that section refers only to the distribution of money received on a life policy belonging to the estate. If this money were the property of the estate it could legally have been collected only by the administrator and must necessarily have been distributed through the probate court. In such a case the

plaintiff's remedy would not be by action, but only by process in that court, or perhaps in case of neglect of duty by the administrator, by action upon his bond. It is very clear that in an action of this kind she cannot avail herself of any rights which she might have under the statute in cases to which it is applicable. These principles were settled upon satisfactory reasons in *Lee* v. *Chase*, 58 Maine, 432.

It follows that whatever rights the plaintiff may have in this case depends upon the construction to be given to the policy. That, as already seen, was obtained not only for the benefit of the wife and children, but was made payable to them. It could not have been collected in the name of the administrator, nor could its proceeds have been assets of the estate for distribution or otherwise. They were the property of the widow and children, not by descent, but by virtue of the contract. Had there been in the policy a provision for an unequal distribution of the proceeds among the payees, it would have been binding; and each would have received the share so provided. But in this policy there is no such provision, or any indication of intention in that respect, other than the general expression, payable to the assured, etc. In the absence of such provision all must share alike. *Gould* v. *Emerson*, 99 Mass. 154, 156, 157.

The defendant, as the case finds, having collected the money by virtue of a power of attorney from the beneficiaries, holds the plaintiff's one-eleventh as money received for her use, and is liable for it in this action. The amount as agreed by the parties is two hundred thirteen 73-100 dollars.

> *Judgment for the plaintiff for*
> *$213.73 and interest from*
> *date of the writ.*

Appleton, C. J., Dickerson, Barrows, Virgin and Libbey, JJ., concurred.