ROBERT MARTIN, administrator on the estate of ROSANNA WALL,

*vs.*

ÆTNA LIFE INSURANCE COMPANY.

Cumberland.   Opinion October 21, 1881.

*Life Insurance.   Adopted Children.*

By a life insurance policy in the name of a wife on the life of a husband the amount of the policy was payable to the wife, her executors, administrators or assigns, if she survived her husband; otherwise to their children for their use or to their guardian if under age.   The wife did not survive her husband. *Held*, that the children were the sole beneficiaries and the policy became payable to them.

In such a case where a child by adoption is the only child, and is of age, and the circumstances show that the parties intended that he should be included in the benefits of the policy, he is entitled to all the proceeds of the policy and an action upon it should be in his name.

ON AGREED STATEMENT OF FACTS from the superior court.

The opinion states the material facts.

The following questions were submitted to the determination of the court, with full power to make such inferences from the agreed facts as a jury might do.

I. Is the said John Edward Wall the child of John Wall, Jr. and Rosanna Wall, within the meaning of the terms of the policy?

II. If he is so, is said insurance due and payable directly to him by said company?

III. Can the plaintiff as the administrator of Mrs. Wall's estate maintain this action?

IV. If the plaintiff as administrator can maintain this action, and yet the court find John Edward Wall to be the child of John Jr. and Rosanna Wall within the meaning of the policy, and there are debts due from her estate in excess of her personal property, would the amount of the insurance be assets in the hands of the administrator for the liquidation of such debts, there being real estate sufficient for that purpose?

The defendant company admitted liability, and was willing to pay the loss to the party entitled to receive it, as the court should adjudge.

*Ray and Dyer*, for the plaintiff.

The action is properly brought in the name of the administrator of Rosanna Wall. She and the defendant company were the only parties to the contract. In England it is now clearly settled that a stranger to the consideration cannot enforce the performance of a contract. 1 Chitty's Pl. 4 note *u*. And the same is decided to be the law in America. *Ibid.* and authorities there cited. *Mellen* v. *Whipple*, 1 Gray, 317 ; *Exchange Bank* v. *Rice*, 107 Mass. 41 ; *Burroughs* v. *Mutual Life Ass. Co.* 97 Mass. 359 ; *Bailey* v. *N. E. Ins. Co.* 114 Mass. 177 ; *Carr* v. *National Security Bank*, 107 Mass. 45.

John Edward Wall has no interest in this policy. He was not the child of John and Rosanna Wall. He was not even adopted by any legal ceremony. The words child and children mean only legitimate child and children. 2 Jar. Wills, c. 32 ; *Kent* v. *Barker*, 2 Gray, 535 ; *Sewell* v. *Roberts*, 115 Mass. 262 ; *Burrage* v. *Briggs*, 120 Mass. 103 ; *Sohier* v. *Inches*, 12 Gray, 385.

*Bion Bradbury*, for the defendant, cited : *Hawes* v. *Smith*, 12 Maine, 431 ; *Cobb* v. *Lime Rock F. and M. Ins. Co.* 58 Maine, 328 ; 2 Pars. Mer. Law, 480 ; *Bohanan* v. *Pope*, 42 Maine, 96 ; *Brewer* v. *Dyer*, 7 Cush. 337 ; *Hinkley* v. *Fowler*, 15 Maine, 285 ; *Motley* v. *Manufacturing Ins. Co.* 29 Maine, 340 ; *Stimpson* v. *Mut. Fire Ins. Co.* 47 Maine, 385 ; *Carnogie* v. *Morrison*, 2 Met. 381.

DANFORTH, J. This is an action upon a policy of insurance upon the life of John Wall, Jr. issued to his wife Rosanna Wall, and payable "to the said assured, her executors, administrators, or assigns for her sole and separate use and benefit . . . and in case of the death of the said Rosanna Wall before the decease of the said John Wall, Jr. the amount of the said insurance shall be payable to their children for their use, or to their guardian if under age." The action is in the name of the administrator of

the wife, and four questions are submitted for answers upon an agreed statement of facts.

1. Is the said John Edward Wall the child of John Wall, Jr. and Rosanna Wall within the meaning of the terms of the policy? The case shows that he was not theirs by birth but was theirs by gift and adoption. If the word is to be understood in its ordinary sense, as used in wills and such instruments, without anything in the circumstances to qualify its meaning, it is clear he must be excluded. But this policy is a contract, and must be so construed as to carry out the evident intention of the parties. To accomplish this it is not only admissible but necessary to enquire into the circumstances of the parties to the contract as well as their contemporaneous acts. The word child in legal documents is not always confined to immediate offspring. It may include grand-children, step-children, children of adoption, &c. as may be necessary to carry out the intention. Abbott's Law Dic. Art. Child.

At the date of the policy, Mr. and Mrs. Wall had no child except John Edward whom they had previously adopted. The adoption was before he was one day old. Every possible pains was taken to furnish all the evidence possible that he was their own child and to conceal at least from him all information to the contrary; in which they were successful until after their decease. This conduct is inexplicable if at the date of the policy they expected other children and intended to exclude him from its benefits. It is equally inexplicable why this provision was inserted if no others were expected, unless he was to be included in its benefits. These facts lead conclusively to the inference that their intention was to provide for this child as well as for any others they might subsequently have.

2. The answer to the second question follows necessarily from that to the first. As he is the only child left he is by the express terms of the policy entitled to the amount of it. *Gould* v. *Emerson*, 99 Mass. 154. *Burroughs* v. *State Assurance Co.* 97 Mass. 359.

3. Can the present plaintiff maintain this action? He is the administrator of Mrs. Wall's estate. The cases cited in the

arguments shed but little light upon this question. They discuss mainly the question whether when a promise is made to one party for the benefit of a third, the latter may maintain an action for the breach of such promise. The cases cited from our own reports are clearly sufficient to maintain the affirmative of this much mooted proposition. In Massachusetts the same rule was formerly considered as well settled law. *Brewer* v. *Dyer*, 7 Cush. 340. Later decisions in that commonwealth have considered the general rule to be otherwise, that the action can only be maintained by the party to whom the promise was made and from whom the consideration moved, but have in certain cases allowed actions in favor of beneficiaries, which they call exceptions to the general rule. These exceptions are allowed for various reasons, as appears in *Mellen* v. *Whipple*, 1 Gray, 317. While in England, under the later decisions, the weight of authority is against sustaining such actions, in this country it seems to be in favor. 2 Green. Ev. § 109; 2 Parsons on Contracts, 468; 1 Chitty on Pleading, 4, and note; 1 Chitty on Contracts, 74, and note (11th ed.) and cases cited.

But whatever of conflict there may be in the authorities as to whether the action can be maintained in the name of the beneficiary, where it is so held the general rule is that it may also be maintained in the name of the person to whom the promise is made. Metcalf on Contracts, 211; and when so maintained the amount recovered is held in trust for the beneficiary. *Swan* v. *Snow*, 11 Allen, 224.

While then this class of cases do not show that the plaintiff may not maintain this action, they do show that the intention of the parties as evidenced by the terms of the contract must govern. To whom was the promise made? The contract was made with Mrs. Wall. The amount was payable to her, her executors, administrators or assigns for her sole and separate use and benefit, but in case of her death before that of her husband, the payment was to be made to their children for their use. The promise to her was contingent upon her surviving her husband. She did not so survive. Thereby her interest in the policy and the promise to her ceased, and both the interest and the promise

by the express provision of the policy was transferred to the child. He then became not only the sole beneficiary, but the only person who can avail himself of the promise. A further evidence that such was the intention of the parties is found in the fact, that in case of minority it was to be paid to a guardian, an unnecessary provision, if the administrator was to receive it in trust, as he must if he recovers in this action. This construction of the policy is in accordance with the principles settled in *Knickerbocker Ins. Co.* v. *Weitz*, 99 Mass. 157; and *Cragin* v. *Cragin*, 66 Maine, 517; and in accordance with the principles on which a beneficiary may recover as laid down in *Mellen* v. *Whipple, supra*, as well as in accordance with our own decisions.

*Plaintiff nonsuit.*

Appleton, C. J., Walton, Barrows, Virgin and Symonds, JJ., concurred.