FENN et al. v. LEWIS, *Appellant.*

81  259
76a 600

**Mutual Benefit Association**: BENEFITS, TO WHOM PAYABLE. Where the charter of a mutual benefit association provides for the payment to the member's family, or appointee, of a certain sum upon the member's death, and that "in case no direction is made by a brother, the same shall be paid to the person or persons entitled thereto," upon the death of a member without having named a beneficiary, the benefits are payable to the wife and children, and not to the administrator of the deceased member.[*]

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*J. A. Harrison* and *C. A. Davis* for appellant.

---

[*] This syllabus is taken from 10 Mo. App. 478.

*Geo. A. Castleman* for respondents.

If the title to the draft and its proceeds was in plaintiffs, then the petition shows defendant took the draft which was payable to the legal heirs of Ingram Fenn, collected it and has the proceeds in his possession, and refuses to deliver upon demand. "Any wrongful act which negatives or is inconsistent with the owner's rights, is *per se* a conversion." And it makes no difference whether the actor is conscious of the wrong he is committing or not.   *Williams v. Wall,* 60 Mo. 318.   Lack of demand even is a defense only where the statute requiring plea and answer is complied with. *Battel v. Crawford,* 59 Mo. 215.   It is alleged that defendant took the draft and collected the proceeds, as administrator of the estate of Ingram Fenn.   His position cannot be stronger than that of an innocent agent who collects such a draft or voucher for a principal, as in *Koch v. Branch,* 44 Mo. 542.   Title to the draft and its proceeds is in plaintiffs. The charter of the "Knights of Honor" provides for the payment to the member's family, or his appointee, upon the member's death, a certain sum, and that where no direction is made by the member, the same shall be paid to the person or persons entitled thereto.   No direction was made by Ingram Fenn, and there was no contract other than arises from membership of a corporation with such constitution and charter.   The Knights of Honor are an insurance society.   *Hake ex rel. v. Citizens' Ben. Asso'n,* 6 Mo. App. 162.   There is here no written policy, but a parol contract of insurance is good.   *Henning v. Ins. Co.,* 47 Mo. 432.   Fenn made no direction, and, therefore, the fund must be paid "to his family," and plaintiffs constitute that "family" and are entitled to the fund.   *Expressman's Aid Society v. Lewis,* 9 Mo. App. 412; *Fenn v. Lewis,* 10 Mo. App. 478; *State ex rel. v. Mer. Ex. Mut. Benevolent Society,* 72 Mo. 146; Bunyon on Life Ins., (1 Ed.) p. 17; Bliss on Life Ins., § 3; May on Ins., § 1; 2 Marshall on Ins., 766;

Fenn v. Lewis.

*Comm. v. Weatherbee*, 105 Mass. 149 ; Parsons on Merc. Law, §§ 403, 404 ; *Hunning v. Ins. Co.*, 47 Mo. 426 ; S. C. 2 Dill. 29 ; *Kelsoll v. Tyler*, 11 Exch. 513 ; *Schunk's case*, 44 Wis. 372 ; *Ill. Masons Benevolent Society v. Wenthrop*, 85 Ill. 537 ; *Saine v. Baldwin*, 86 Ill. 479 ; *Ky., etc., Ins. Co. v. Miller*, 13 Bush. 480 ; *Dutrick v. Madison Relief Asso'n*, 45 Wis. 79 ; *Commercial League v. People*, 90 Ill. 166 ; *State v. Mutual Protection Asso'n*, 26 Ohio St. 22, and *Phœnix Ins. Co. v. Dunham*, 46 Conn. 79, are cited in an additional brief by respondent's counsel.

EWING, C.—This was a suit by the respondents on the following petition :

"Now come plaintiffs and state that plaintiff, Mary Ellen Fenn, was, in the lifetime of Ingram Fenn, his lawful wife, having been married to said Ingram Fenn in the year to-wit, 1855, and remained the true and lawful wife of the said Ingram Fenn up to the date of his death in the year, A. D., 1878, and is now the widow of the said Ingram Fenn, said Fenn having, on, to-wit, the 15th day of September, 1878, departed this life. That plaintiff, Jesse Sophia Fenn, is the child of said Ingram Fenn, born of said Ingram Fenn and plaintiff, Mary Ellen Fenn, in lawful wedlock in, to-wit: the year A. D., 1857. That said Ingram Fenn resided at and before his death in the city of St. Louis, in the State of Missouri, and was at the time of his death, and had been long prior thereto, a member of an organization known as the Knights of Honor, and particularly of that branch of said organization known as Oak Lodge, numbered one hundred (100), having as its place of residence the city of St. Louis, aforesaid. That said Knights of Honor, and that branch thereof known as Oak Lodge, number one hundred, is an association having for its objects, among other things, as declared in its character and constitution: 'To promote benevolence and charity by establishing a widows and orphans' benefit fund, from which, on satisfactory evidence of the death of a member of the

corporation who has complied with its lawful requirements, a sum not exceeding five thousand ($5,000) dollars, shall be paid to his family, or as he may direct; to provide for creating a fund for the relief of sick and distressed members, and to ameliorate the condition of humanity in every manner.' That said Ingram Fenn was, at the date of his death, a full rate member of said Oak Lodge One Hundred, in good standing, and had complied, in his lifetime, with all lawful requirements of said corporation, whether by its charter, constitution, or otherwise. That according to the constitution of said Oak Lodge, numbered one hundred (100), it was provided that the sum of three thousand ($3,000) dollars should be paid on the death of every full rate member thereof. That it is provided, among other things, in the constitution of said Oak Lodge numbered one hundred, that 'any brother may cause to be entered upon the reporter's record book, a direction to whom his benefits shall be paid, and he shall pay for such entry a fee of not less than twenty-five cents; he may at any time cause said entry to be changed upon paying a like fee; or he may have a benefit certificate issued to him upon paying the fee prescribed by the Supreme Lodge; all such entries shall be made by the personal direction of the brother. In case no direction is made by a brother, either by will, entry or benefit certificate, the same to be paid to the person or persons entitled thereto.'

"That said Ingram Fenn did not cause to be entered in said reporter's record book a direction to whom his benefits should be paid, and did not have a benefit certificate issued to him, or at all by said Oak Lodge. That there was given by said Ingram Fenn no directions, either by will or by such entry, or by a benefit certificate, as to whom his benefits should be paid. That these plaintiffs constitute the entire and only family left surviving him by said Ingram Fenn, and as such became, and are, entitled to the benefits payable by said Oak Lodge upon the death of said Ingram Fenn—which benefits amount to the sum of three thou-

sand ($3,000) dollars, under and by virtue of the charter and constitution thereof, as hereinbefore set forth; there being no other or further provision touching said matter in either said charter or constitution, and no other or further contract than arises from the facts and provisions hereinbefore set forth.

"That on the 24th day of October, A. D., 1878, said Oak Lodge numbered one hundred (100), caused to be drawn by the Supreme Dictator, and by the Supreme Reporter of said Supreme Lodge Knights of Honor, on the Supreme Treasurer thereof, its certain draft or order for the payment out of the widows and orphans' benefit fund, of said organization, to the order of the trustees of Oak Lodge numbered one hundred, Knights of Honor, to pay to the legal heirs of Ingram Fenn, deceased, three thousand ($3,000) dollars, on the death of said Ingram Fenn, a member of said Oak Lodge numbered one hundred, of St. Louis, Missouri, as per the directions of said deceased brother—said order, by the words 'deceased brother' meaning said Ingram Fenn. That these plaintiffs constitute the sole surviving legal heirs of said Ingram Fenn, and they were the sole surviving legal heirs at the date of his death.

"That said trustees of said Oak Lodge numbered one hundred endorsed and delivered said draft or order to the defendant Martrom D. Lewis; that said Martrom D. Lewis converted said draft or order to his own use, and collected thereon and therefor the sum of three thousand ($3,000) dollars, upon presenting said draft or order to the said Supreme Treasurer aforesaid; that said sum of three thousand ($3,000) dollars, so collected by defendant, he has and retains in his possession, and has converted the same to his own use, though the same has been demanded of him by these plaintiffs." "Plaintiffs further say that said Lewis is administrator of the estate of said Ingram Fenn, and took possession of said draft or order and the proceeds thereof, and claims to hold the same in his capacity of such administrator. Wherefore, plaintiffs state, that said Lewis is in-

debted to them in said sum of three thousand ($3,000) dollars, for which sum, with interest and their costs, plaintiffs pray judgment."

Defendant demurred on the ground that no cause of action was stated, which was sustained by the circuit court, and judgment for the defendant. On appeal to the court of appeals, the judgment of the circuit court was reversed and the cause remanded, and the defendant brings the case here for review.

The reasoning and conclusions of the court of appeals are satisfactory to this court, in this case, which renders it useless to repeat them here.

The judgment of the court of appeals is, therefore, affirmed. All concur. Sherwood and Norton, JJ., absent.