## Sarah Bomberger, Exrx., Plff. in Err., *v.* United Brethren Mutual Aid Society of Pennsylvania.

The personal representative of the insured, in a life insurance policy for the benefit of one without an insurable interest, has no right of action on the policy against the insurance company.

(Decided October 4, 1886.)

Error to the Common Pleas of Dauphin County to review a judgment of compulsory nonsuit in an action of assumpsit on a policy of life insurance. Affirmed.

At the trial it appeared from the testimony for the plaintiff that the certificate of membership in a beneficial society, upon

NOTE.—Similar determinations were rendered in Hill v. United Life Ins. Asso. 154 Pa. 29, 35 Am. St. Rep. 807, 25 Atl. 771, and Hettinger v. United Brethren Aid Soc. 1 Del. Co. Rep. 466.

which the suit was brought, was issued by the defendant April 18, 1873, and entitled Mrs. Catharine Barnhart, her heirs or assigns, upon the death of Lewis Bomberger, to $1,000.

Catharine Barnhart had no insurable interest in the life of the assured, by relation in blood, connection by marriage, or as a creditor.

Lewis Bomberger died December 13, 1879. The plaintiff, who was his widow, discovered the existence of the certificate within a few days after his death, and by her son and by her attorney caused the following notices to be sent to the defendant:

                            Middletown, December 17, 1879.
To Secretary U. B. Society:

Do not pay claim of Mrs. Kate Linn, on the policy of Lewis Bomberger, who died on the 13th of December, as there is something wrong with it, until you hear from me or my attorney.

(Signed)                            Michael Bomberger.

          B. F. Etter's Law Office,
                  Harrisburg, Pa., December 29, 1879.
George A. Marks, Esq.,
          Sec. U. B. Mutual Aid Society, Lebanon, Pa.

Dear Sir: The widow and heirs of Lewis Bomberger, late of Middletown, of this county, deceased, have requested me to write you respecting a policy of insurance effected in your company on the life of said deceased for $1,000.

It seems the policy on its face is for the benefit of a certain Catharine Linn, who, I understand, holds and claims under it. As the said Catharine Linn never had any insurable interest in the life of Mr. B., I do not think she is entitled to any benefit or advantage under said policy; but all advantage and benefit that can be rightfully and legally claimed under it belongs to his widow and children.

You will please, therefore, not pay any money on account of said policy to said Catharine Linn, or to anyone else, until the matter can be investigated and the right of the parties properly determined.

Please acknowledge receipt, and let me know whether I am rightly informed as to the facts in the case, and what the practice of the company has been heretofore in similar cases.

          And oblige,          Very truly yours, etc.,
                                      B. F. Etter,
                            Attorney for widow and heirs.

Notwithstanding such notices, defendant thereafter paid the money to Catharine Barnhart; whereupon, the plaintiff, as executrix of Lewis Bomberger's estate, brought this suit.    At the close of the plaintiff's testimony the court, on motion of the defendant's attorney, entered a compulsory nonsuit and subsequently refused plaintiff's motion to take off the nonsuit; and she took this writ of error.    The assignments of error were as follows:

1. The court erred in granting a compulsory nonsuit and, in doing so, in making the following decision: "The policy given in evidence shows upon its face that there was no contract on the part of the company defendant to pay the amount of the insurance therein contained to the estate of Lewis Bomberger, the plaintiff in this case.    We think the sound rule of public policy applicable to a case of this kind, where a wagering policy was brought into existence by the decedent, whose estate is now plaintiff, is to say that his estate has no right to recover the amount thereof from the company; at least after it has paid the amount to the person to whom it contracted to pay it in the policy; and we therefore grant the motion for a compulsory nonsuit.    The nonsuit is entered accordingly."

2. The court erred in refusing the motion to take off the compulsory nonsuit.

*H. L. Nissley* and *George H. Irwin,* for plaintiff in error.—
This policy, so far as the beneficiary is concerned, was a wagering policy.    Warnock v. Davis, 104 U. S. 779, 26 L. ed. 927; Cammack v. Lewis, 15 Wall. 643, 21 L. ed. 244; Gilbert v. Moose, 104 Pa. 74, 49 Am. Rep. 570.

The estate of the assured may recover the proceeds of a policy from one named as the beneficiary, who has no insurable interest, but who has received such proceeds.    Gilbert v. Moose, 104 Pa. 74, 49 Am. Rep. 570.

*Weiss & Gilbert,* for defendant in error.—The fact that the beneficiary has no insurable interest in the life of Bomberger does not create any privity of contract between Bomberger's executrix and the defendant.    Gilbert v. Moose, 104 Pa. 78, 49 Am. Rep. 570.

PER CURIAM:
There was no error in holding that the plaintiff was not en-

titled to recover. The defendant paid the money according to the terms of its contract, and to the person named in the certificate of membership. The company did not agree to pay the amount of the insurance to the estate of the person on whose life the risk was taken; nor did the plaintiff, as executrix, notify the company not to pay the money to the beneficiary mentioned in the certificate. There was no contract with the widow and heirs, and no right of action or legal capacity existed in them, as such, to collect the money or to forbid its payment to the beneficiary.

Judgment affirmed.