FREDERICK H. RINDGE & others *vs.* NEW ENGLAND MUTUAL
AID SOCIETY.

Suffolk.    January 23, 1888. — March 2, 1888.

Present: MORTON, C. J., W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Beneficiary Association — Administrator — Action — Forfeiture — Waiver.*

A certificate in a beneficiary association stated that it was for the benefit of "friends," but provided, in case no beneficiaries, original or substituted, sur-vived, that it should enure to the benefit of "legal heirs." An action was brought by the friends to recover on the certificate, but subsequently the mem-ber's administrator was admitted to prosecute it, as his declaration averred, for the benefit of such friends. *Held*, that the designation of "friends" as bene-ficiaries, though invalid, would not avoid the contract, but that the administrator might recover for the benefit of the heirs only, the averment as to friends being disregarded.

The levy and acceptance of assessments by a beneficiary association without con-dition, after the conditional acceptance of a prior overdue payment, is a waiver of the right to avoid a certificate for delay of payment.

CONTRACT to recover $5,000 on a certificate of membership in the defendant association issued to Thomas G. Rice. The plaintiffs moved to amend their writ and declaration by admitting the administrator of Rice to prosecute the action, and an amended declaration was filed, which alleged that the defendant owed the amount due on the certificate to such administrator "for the benefit of" Frederick H. Rindge, Clarissa H. Rindge, and Francis J. Parker, administrators of the estate of Samuel B. Rindge, the original plaintiffs, who were "the beneficiaries under said policy for whose benefit this action is brought."

Trial in the Superior Court, without a jury, before *Thompson*, J., who reported the case for the determination of this court, in substance as follows:

On July 7, 1883, Rice was indebted to the Rindges and Parker, as administrators, in the sum of $6,363, and on that date the defendant, a beneficiary association incorporated under the St. of 1874, c. 375, as amended by the St. of 1877, c. 204, issued the certificate to him as collateral security for that indebtedness. The certificate, which was numbered 964, stated "that said Thomas G. Rice is a member of class 5 in said society, and for the benefit of friends, Clarissa H. Rindge, Frederick H. Rindge, and Francis J. Parker, administrators of the estate of Samuel B. Rindge, unless said member shall, at any time, or from time to time hereafter, in writing, assented to by said society, substitute some other beneficiary or beneficiaries, and in that case for the benefit only of the beneficiary or beneficiaries last substituted, as aforesaid, before the death of said member; but if said member shall survive each and all the original beneficiary or beneficiaries, or, in case of substitution, each and all the beneficiary or beneficiaries last substituted, as aforesaid, then for the benefit only of the legal heirs of said member," and contained the following condition: "If said member . . . . shall omit or neglect to pay to said society within thirty days of date of notice . . . . any regular assessment of five dollars 25-100 that may be made by said society upon him under this certificate, then, in every or either event above named, this certificate shall thereby become null and void." In the application upon which this certificate was issued, Rice agreed that, upon any omission or neglect for a period of thirty days after notice to pay any such assessment, the contract

on the part of the society should thereupon become null and void, and that printed notices mailed thirty days in advance should be sufficient notice of any assessment levied.

On July 18, 1885, a notice of an assessment, dated July 17, 1885, was put into the mail addressed to Rice at his residence, which the judge found was delivered to him on July 20, 1885. On August 17, 1885, Rice was taken ill, and so continued until his death on December 17, 1885, due proofs of which were furnished. On August 19, 1885, Rice's son found the notice above referred to in his father's pocket, and sent it, with the amount of the assessment, to the office of the defendant, where it was receipted by the treasurer and handed back, stamped, " This assessment is accepted on condition that the member is in good health." Nothing was said on either side as to the condition of Rice, who subsequently refunded the amount of the assessment so advanced by his son. The defendant subsequently levied six different assessments on Rice, and accepted payment of the same unconditionally, without making any inquiry as to his health, and it knew nothing about his health until after his death.

The judge ruled that the certificate was forfeited by reason of the nonpayment of the assessment called for by the notice dated July 17, 1885, within thirty days therefrom, and that there was no evidence to justify him in finding a waiver of the forfeiture, and found for the defendant. If either of the rulings were erroneous, judgment was to be entered for the plaintiff, unless upon the other facts the plaintiff could not recover, in which case judgment was to be entered for the defendant.

*H. Wheeler*, for the plaintiffs.

*F. D. Ely*, for the defendant.

C. ALLEN, J. The designation of beneficiaries in the policy or certificate of membership is invalid, as the statutes under which the defendant corporation was organized did not authorize it to grant insurance for the benefit of friends. *Daniels* v. *Pratt*, 143 Mass. 216, 221. But an invalid designation of beneficiaries does not render the whole contract invalid. The contract in terms recognizes that there may be a change or substitution of beneficiaries, and there is a provision that, if the member shall survive all original or substituted beneficiaries, then his membership shall be for the benefit of his legal heirs. This provision is

within the authority of the St. of 1882,. c. 195, § 1, heirs being included under the head of relatives; and if there is no other legal designation, this may take effect. *Daniels* v. *Pratt, ubi supra.* By an amendment, the action is now prosecuted in the name of the administrator of the estate of the assured, and he is the proper party to maintain the action. *Bailey* v. *New England Ins. Co.* 114 Mass. 177, and cases cited. *Flynn* v. *North America Ins. Co.* 115 Mass. 449. *Unity Association* v. *Dugan,* 118 Mass. 219. This is not controverted; but the defendant contends that the declaration avers that the action is brought for the benefit of the Rindges and Parker, and therefore that the action cannot be maintained. This objection cannot be supported. If the plaintiff receives the money, it will be a good discharge to the defendant of its liability; and the defendant will not be responsible for the proper application of the money by the plaintiff. It is to be assumed, at this stage of the proceedings, that he will dispose of the funds properly; and he may be compelled to do so by judicial proceedings, to which the defendant would not be a necessary party. *Gould* v. *Emerson,* 99 Mass. 154. *Bailey* v. *New England Ins. Co.* 114 Mass. 177. The averment that the action is brought for the benefit of the Rindges and Parker is unnecessary, and may be disregarded.

Since the action is now prosecuted by the proper plaintiff, we need not consider the effect of the St. of 1885, c. 183, which the plaintiff relies on as enlarging the effect of the defendant's contract. The other objections to the plaintiff's recovery depend on the same facts which were considered in the case of Rice against this same defendant, *ante,* 248, where it was held that the defendant must be deemed to have waived the forfeiture.

According to the terms of the report, the entry must be,

*Judgment for the plaintiff.*