SUSAN T. BURNS & another *vs.* GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN.

Suffolk.   November 18, 1890. — January 16, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract — Novation — Beneficiary Association — Party to Action — Administrator.*

An administrator of the holder of a certificate under seal, issued by a beneficiary association before the St. of 1885, c. 183, is the proper party to bring an action thereon.

A certificate under seal was issued in 1878 by the supreme lodge of a beneficiary association, incorporated in another State, whose constitution and by-laws provided that a grand lodge in this State might in a certain event be set apart as a separate jurisdiction, and thereafter collect its own beneficiary funds and pay all death assessments.   Subsequently the grand lodge was thus set apart and incorporated here, and assumed and agreed to pay all claims against the parent "association, whether already accrued or hereafter payable."   Thereafter the member continued to pay his assessments to the grand lodge, and was recognized as a member in good standing until his death.   The constitution of the supreme lodge and the by-laws of the grand lodge provided for a change of beneficiaries, and, in case they all died, for payment to the member's heirs at law.   *Held,* that a complete novation of the original contract was effected, by which the grand lodge became liable to the member; and that his administrator was the proper party to sue upon the certificate, whether the designation of beneficiary therein was invalid or not.

CONTRACT to recover $2,000 on a certificate of membership in a beneficiary association. Trial in the Superior Court, before *Pitman*, J., who ruled that the action could not be maintained, and ordered a verdict for the defendant; and reported the case for the determination of this court.

*C. W. Bartlett & R. W. Shea*, for the plaintiffs.

*W. S. Stearns*, for the defendant.

BY THE COURT. The subjoined opinion was prepared by Mr. Justice DEVENS, and was adopted as the opinion of the court after his death by the Justices who sat with him at the argument.

This is an action of contract upon a sealed instrument, a benefit certificate, brought by Susan T. Burns and Francis A. Burns, the widow and son respectively of Alvin D. Burns, who died on October 30, 1887, for the use and benefit of one Levi J. Smith. The court below directed a verdict for the defendant; but by the case as reported, if the action can be maintained either by the plaintiffs jointly or individually, or by Susan T. as the administratrix of Alvin D. Burns, then the case is to be remanded for further proceedings.

The Grand Lodge of United Workmen was a separate beneficiary jurisdiction in Massachusetts of the Supreme Lodge of the Ancient Order of United Workmen, which existed as a corporation under the laws of Kentucky, and the certificate was issued in 1878 to Alvin D. Burns for the benefit of Levi J. Smith by the supreme lodge under its seal. It was also countersigned and bore the seal of the grand lodge. It was provided by the constitution and by-laws of the supreme lodge that such grand lodge might, on certain events, be set apart to operate separately from the supreme lodge, and thereafter collect and disburse its own beneficiary fund. This was done in 1879, and the funds appropriated to this jurisdiction or grand lodge were transferred to it. The association thus formed was afterwards incorporated by the laws of Massachusetts, and the corporation thus formed assumed and agreed to pay "all the obligations and liabilities of, and beneficiary and other claims against, said association, whether already accrued or hereafter payable." To this arrangement Alvin D. Burns fully assented, by the payment during several years of his assessments, and he was recognized as a member of the defendant corporation in good standing down to the time of his death.

The setting apart of grand lodges by the supreme lodge as separate beneficiary jurisdictions, with powers to collect and distribute their own funds, and of assuming to the extent of their members the liabilities of the supreme lodge, was authorized by the charter and by-laws of the supreme lodge. When this was done, and the defendant corporation, at its subsequent organization, received from the grand lodge thus set apart its funds, and agreed to pay its liabilities, Alvin D. Burns assenting, a complete novation of the original contract was effected. It would certainly be unjust, that the corporation, having received the funds and made the promises stated, should now be allowed to deny any valid claim. Morawetz, Corp. (2d ed.) 810–813. The contention of the defendant that the Kentucky corporation was the party liable on the benefit certificate, that the association did not agree to pay the liabilities of the Kentucky organization, and thus that this defendant corporation did not assume them, is not tenable. By Article VI. of the constitution of the supreme lodge under and by authority of which the grand lodge was set off as an association, it was made responsible for and obliged to pay all assessments for deaths after the date of separation. The " association " having become liable for these losses, they constitute a part of the liability of the defendant corporation, which has acted fully on this theory in taking the benefit of the contracts of which it now seeks to avoid the responsibility. *Brewer* v. *Dyer*, 7 Cush. 337. *Kelley* v. *Newburyport & Amesbury Horse Railroad*, 141 Mass. 496. *National Bank* v. *Matthews*, 98 U. S. 621. *Whitney* v. *Wyman*, 101 U. S. 392. *Hort's case*, 1 Ch. D. 307, 317. *Dowse's case*, 3 Ch. D. 384.

The defendant further contends that the designation of Smith, who does not appear to have been a relative or dependent of Alvin D. Burns, was valid by the laws of Kentucky, and that the only party who could properly sue upon it anywhere was Smith. But whether the designation of Smith was valid or invalid, either by the law of Kentucky or by that of Massachusetts, the administratrix is the proper party to sue upon it. If the designation is valid, the contract, although for the benefit of Smith, was one under seal, and made between the plaintiff's intestate and the supreme lodge. Smith was not a party to it, and could not sue upon it, although payment to him would have exonerated

the defendant. *Flynn* v. *Massachusetts Benefit Association*, 152 Mass. 288. If, on the other hand, the designation was invalid, as being one which neither the defendant corporation, nor the supreme lodge, nor the grand lodge association which succeeded it was authorized to make, the whole contract is not thus rendered invalid. The constitution of the supreme lodge, and the by-laws of the defendant corporation, which must be read with its contract of insurance, provide for a change of beneficiaries, and in case of the death of all the beneficiaries that the money shall be paid to the heirs at law of the insured. The case is thus brought quite within that of *Rindge* v. *New England Aid Society*, 146 Mass. 286, in which· it was held that, although the designation of beneficiaries was invalid, the administrator might maintain the action.                                    *Case to stand for trial.*