ISABELLA MUNROE, Administratrix, *vs.* PROVIDENCE PERMANENT FIREMENS' RELIEF ASSOCIATION.

Money payable by a benefit society by reason of the death of a member may, in the absence of any statutory provisions regulating the procedure, be recovered in an action of *assumpsit* brought either by the personal representative of the deceased member because the deceased was the person from whom the consideration moved and to whom the promise was made, or by the beneficiary for whose benefit the contract was made.

In case of recovery by the personal representative he will hold the money in trust for the beneficiary and not as assets of the deceased member's estate.

ASSUMPSIT. Certified from the Common Pleas Division on demurrer to the declaration.

*February* 8, 1896. MATTESON, C. J. This is an action of *assumpsit,* to recover from the defendant, a benefit society, money claimed to be due from it by reason of the death of

Frank H. Munroe, who was at his decease a member of the association.

The suit is brought by the widow of the deceased in her capacity as administratrix on his estate. The defendant has demurred to the second count in the declaration on the ground that it sets forth a cause of action in favor of the plaintiff individually, and not in her capacity as administratrix. We think, however, that the defendant is mistaken in its construction of the count, for, though the plaintiff individually is the beneficiary under the promise set forth, the promise on which the count is framed is laid as having been made to the deceased. We are of the opinion, therefore, that the demurrer should be overruled.

The only question raised by the demurrer being that of the misjoinder of counts, no other question is properly before us. The parties, however, have argued the question of the proper party to bring the action, the defendant contending that it must be brought by the beneficiary, while the plaintiff maintains that the suit was properly brought by her as administratrix. Inasmuch as the question might be raised upon a trial in the Common Pleas Division, it may perhaps be advisable for us to express our opinion concerning it, though not technically before us.

In the absence of statutory provisions regulating the bringing of such suits, we think the suit may properly be brought either by the personal representative of the deceased or by the beneficiary :—By the personal representative because the deceased was the person from whom the consideration moved and to whom the promise was made ; *Rindge* v. *New England Mutual Aid Society,* 146 Mass. 286 ; *Flynn* v. *Massachusetts Benefit Association,* 152 Mass. 288 ; *Lyon* v. *The Royal Society of Good Fellows,* 153 Mass. 83 ; *Burns* v. *Grand Lodge of the Ancient Order of United Workmen,* 153 Mass. 173 ; *Dean* v. *American Legion of Honor,* 156 Mass. 435 ; *Martin* v. *Ætna Life Ins. Co.,* 73 Me. 25 ; in which case, on recovery, the personal representative will hold the money in trust for the beneficiary, and not as assets of the estate ; *Swan* v. *Snow,* 11 Allen, 224: By the beneficiary

because, though the consideration was furnished by the deceased and the promise was made to him, it was nevertheless for the benefit of the former. *Urquhart* v. *Brayton,* 12 R. I. 169, and cases cited; *Wood* v. *Moriarty,* 15 R. I. 518, 522; *Martin* v. *Ætna Life Ins. Co.,* 73 Me. 25, 28; Metcalf on Contracts, 211.

Demurrer overruled and case remitted to the Common Pleas Division for further proceedings.

*Cyrus M. Van Slyck & Charles C. Mumford,* for plaintiff.
*Francis Colwell & Samuel Norris, Jun.,* for defendant.