ALICE GOULD, Ex'x., vs. UNITED TRACTION EMPLOYEES MUTUAL AID ASSOCIATION.

PROVIDENCE—APRIL 29, 1904.

PRESENT: Stiness, C. J., Douglas & Dubois, JJ.

(1)  *Beneficial Associations. Beneficial . Funds. Rights of Personal Representatives and Beneficiaries.*

By-laws of defendant provided that upon the death of a member the amount insured should be paid, one-half to the widow or husband and one-half to the children; or if there were no children, the whole to the widow or husband; or if no widow or husband, to the next of kin. Deceased left no widow or children, or, so far as known, no next of kin:—

*Held,* that, as the beneficiary fund did not go to the executrix as part of estate, she was not entitled to bring suit.

*Munroe ·v. Providence Firemen's Assn.,* 19 R. I. 363, explained.

ASSUMPSIT. Heard on demurrer to declaration, and demurrer sustained.

STINESS, C. J. This suit is brought by the executrix of the will of James F. Davey, who was a member of the defendant association. The liability alleged is based upon provisions of the defendant's by-laws, by which it is to pay the sum of $750 upon the death of a member; one-half to the widow or husband and one-half to the children of the deceased; or, if there are no children, the whole to the widow or husband; or, if no widow or husband, to the next of kin of the deceased, according to distribution of personal estate at law. Davey left no widow or children, and, so far as has been learned, no next of kin.

The second count alleges a promise to Davey to pay to the beneficiaries.

(1)  The defendant demurs to the declaration, raising the question whether suit can be brought by the plaintiff, as executrix or only by the beneficiaries.

In support of the declaration the plaintiff relies on *Munroe* v. *Providence Firemen's Association,* 19 R. I. 363.

In that case the widow of a member in a beneficial society,

who was both administratrix and also the sole beneficiary, brought a suit for the fund as administratrix. The court sustained the action, on demurrer, on the ground of the promise from the association to the deceased, alleged in the declaration, on the authority of certain cases, which we will presently consider. From the fact that the plaintiff was the sole party in interest and the question was merely the formal one in what capacity she should sue, it is quite probable that the case was not considered as fully as it should have been, and the rule, proper enough in that case, was stated in too general terms.

This case differs from the Munroe case in the fact that here the plaintiff is not a beneficiary, and is like it in the fact that the liability of the defendant is based upon by-laws which simply provide to whom the fund shall go, with no formal promise to the member. In neither case did a certificate issue to the member..

A closer examination of the cases on which the decision in the Munroe case was based shows that they do not support it..

In *Rindge* v. *New England Mutual Aid Society,* 146 Mass. 286, the administrator of a member of a beneficiary association brought suit on a certificate which was payable to the heirs at law of the member if there were no beneficiaries living. The beneficiaries named were living, but, being only *friends* of the member, their appointment was held to be contrary to the statute; and so, as the fund was payable to the heirs at law of the deceased member, his administrator was held to be the proper person to bring suit. This was necessary, because it is held in Massachusetts that no one but a party to a contract can sue on it. *Exchange Bank of St. Louis* v. *Rice,* 107 Mass. 37; *Carr* v. *National Bank,* 107 Mass. 45; *Bailey* v. *N. E. Co.,* 114 Mass. 177. In this State the rule is that one for whose benefit a parol contract is made can sue upon it. *Urquhart* v. *Brayton,* 12 R. I. 171; *Wood* v. *Moriarty,* 15 R. I. 518; *Munroe* v. *Providence Firemen's Assoc'n* 19 R. I. 363.

The Rindge case comes to this: there were no legal beneficiaries; the fund was payable to the members' heirs; they could not sue, as they were not parties to the contract; hence

suit by the administrator was proper. This is far short of an authority for the Munroe case, under the rule in this State.

*Flynn* v. *Mass. Benefit Assoc'n*, 152 Mass. 288, followed the same rule, that where the promise "is to the insured, his executors, administrators and assigns, an action can not be maintained in the name of those for whose benefit the contract is expressed to be made."

In *Lyons* v. *Royal Society*, 153 Mass. 83, and *Burns* v. *Order of United Workmen*, 153 Mass. 173, all question of the right of a beneficiary to sue was waived.

*Dean* v. *American Legion of Honor*, 156 Mass. 435, points out that, under a change in statute, beneficiaries may now sue in their own names.

*Martin* v. *Ætna Ins. Co.*, 73 Me. 25, held that the beneficiary is the only person who can avail himself of the promise. The decision is contrary to that of the Munroe case and it could only have been cited for a remark of the court that, where it is held that a beneficiary may sue, the general rule is that an action may also be maintained in the name of the person to whom the promise is made, who would hold the amount recovered in trust for the beneficiary. The court there held that the promise was made to the beneficiary, contingently upon her living, and, upon her death, both interest and promise passed to a child, so that her administrator could not sue.

We feel obliged to say that these cases in Massachusetts and Maine do not support the decision in the Munroe case.

Is the rule, then, that an administrator may sue, in the ordinary case of a fund payable to a beneficiary, and without authority from the terms of the contract, sustainable on principle? We do not see that it is. It has already been shown that it was chiefly based upon necessity, where a mere beneficiary, not a party to the contract, could not sue, and that such a necessity does not exist in this State, where a party for whose benefit a promise is made can sue. Beyond that, however, we see no adequate reason why an administrator should sue. The fund can not go to him as a part of the estate of the deceased member. He can not even hold it as such, but

only in trust for beneficiaries. If it is not a part of the estate to be administered by him, it is not covered by his bond, and there is no reason why the fund should be held by an independent, and possibly irresponsible, trustee. If the contract is not to pay to him, the defendant should not be compelled to do so. It is urged that, as the next of kin may not be found for a long time, the action should be allowed in order to prevent the running of the statute of limitations. Such a course deprives the defendant of its right to the benefit of the statute. Suppose the next of kin are never found. The court would then have compelled the defendant to pay a fund, which it was entitled to keep, with no one to hold it, except as a sort of trust. Suppose, too, that the administrator of the deceased member should die. Must new administrators, or trustees, be appointed in succession to hold the fund *in perpetuam?* The mere statement of the case shows the injustice and futility of such procedure. We know of no case that supports it other than those already considered.

Opposed to those cases are many where the contrary rule is laid down. *Catholic Mutual Benefit Association* v. *Priest*, 46 Mich. 429, where the court holds that a beneficiary fund does not go to an administrator and is not a part of his estate. *Cragin* v. *Cragin*, 66 Me. 517; *Bomberger* v. *U. B. Association*, 6 Atl. Rep. 41; *Iowa State Trav. Assoc'n* v. *Moore*, 73 Fed. Rep. 750; *Highland* v. *Highland*, 109 Ill. 366; *Hodges' Appeal*. 12 Chic. Leg. N. 421; *Fenn* v. *Lewis*, 10 Mo. App. 478; affirmed, 81 Mo. 259; *Schultz* v. *Citizens Ins. Co.*, 59 Minn. 308; *Thomas* v. *Cochran* (Md.), 46 L. R. A. 160.

In cases where the promise of a policy is to the insured, to pay him, his executors, administrators, or assigns, for the benefit of another, it has been held that the administrator, and not the beneficiary, is the one to sue, because the terms of the contract create an express trust. *Stowe* v. *Phinney*, 78 Me. 244; *Bailey* v. *N. E. Co.*, 114 Mass. 177; *Stokell* v. *Kimball*, 59 N. H. 14.

From this review we think it is clear that the executrix in this case is not entitled to bring suit. While the decision in the Munroe case was substantially right, because the adminis-

tratrix and the beneficiary were the same person, whose receipt in either capacity would both exonerate the society and execute the trust, thus making the question a mere matter of form, yet, as a rule, in cases where the parties are not the same, it is not to be followed.

It is, therefore, not necessary to decide other questions presented as to the title to the fund. The defendant holds it, subject to the contract implied by its by-laws, until some other claim to it is set up, when the question of title will be properly before the court.

Demurrer to the declaration sustained.

*John A. Tillinghast*, for plaintiff.

*Edwards & Angell*, for defendant.