CONRAD H. MEYER, Respondent, v. THE SUPREME LODGE KNIGHTS & LADIES OF HONOR, GARNISHEE OF CHRISTIAN HEITZ, Appellant.

St. Louis Court of Appeals, November 23, 1897.

Insurance: GARNISHMENT: LIABILITY OF AMOUNT DUE UNDER CERTIFICATE IN BENEVOLENT ASSOCIATION FOR DEBTS OF BENEFICIARY.—*Held:* That at the time of the death of the assured, the amount due under a certificate of insurance on her life issued by a benevolent association was subject to garnishment for the debts of her beneficiary. R. S. 1889, secs. 5218, 5221, 5872.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Frank M. Estes* for appellant.

The judgment entered by the court in favor of respondent was against the law. *Legion of Honor v. Perry*, 140 Mass. 580; *Knights of Honor v. Naim*, 60 Mich. 44; Bacon on Ben. Soc., sec. 312; *Schillings v. Boes*, 85 Ky. 257; *Skillings v. Ben. Ass'n*, 146 Mass.

217; *Rice v. M. A. Society, Id.* 248; *Brown v. Balfour,* 46 Minn. 63; *Breckel v. Imperial Council,* 11 N. Y. Sup. 321; *Saunders v. Robinson,* 144 Mass. 306.

The fund held by defendant was not subject to garnishment at the instance of a creditor of the beneficiary named in the relief fund certificate. *Daniels v. Pratt,* 143 Mass. 216; *Borgraeffe v. Supreme Lodge,* 22 Mo. App. 142; *Supreme Lodge v. Schmidt,* 98 Ind. 381; *Keener v. Grand Lodge,* 38 Mo. App. 550. See, also, R. S. 1889, secs. 2831, 5867, 5872.

*Leonard Wilcox* for respondent.

The ruling below was according to law, and the sum due the beneficiary under the certificate was subject to garnishment for his debts. R. S. 1889, secs. 5218, 5221; *Landa v. Holck,* 129 Mo. 671; *Briggs v. Earl,* 139 Mass. 473, 476; *Bolt v. Kehoe,* 30 Hun. (N. Y.) 619, 623–625; *Com. Trav. Ass'n v. Newkirk,* 16 N. Y. Sup. 177; *Harkinson v. Page,* 31 Fed. Rep. (N. Y.) 184–188, Laws 1821, p. 87.

After the death of his wife, the relation between the defendant Heitz and the garnishee was that of creditor and debtor. Defendant's rights were vested, and he had an action at law against the garnishee to his sole use. *Taylor v. Nat. Temp. Union,* 94 Mo. 35; *Hernion v. Triple Alliance,* 45 Mo. App. 26; *Aiken v. Ass'n,* 12 N. Y. Sup. 579, 580; *Mower v. Ass'n,* 1 Pa. St. 173. And he had the right to dispose of his claim absolutely. *Briggs v. Earl, Aiken v. Ass'n, Mower v. Ass'n, supra.*

This court should not declare as a policy what the legislature has studiously omitted expressly to enact with respect to benefit societies. *State v. Dill,* 60 Mo. 436; *Hall v. Stephens,* 65 *Id.* 670, 678; *Com. Travelers' Ass'n v. Newstead,* 16 N. Y. Sup. 177; *Bolt v. Kehoe,*

30 Hun. 619, 622; Session Acts of Mo. 1881, pp. 86, 87; *Grand Lodge v. Ellsner*, 26 Mo. App. 108; *Theobald v. Supreme Lodge*, 59 *Id.* 91.

Even if it be law that the money was exempt, yet the defendant alone can make this defense, after his right has become vested. The garnishee can not make it for him, especially after the decision on the plea in abatement in favor of respondent. *Aiken v. Mass. Ben. Ass'n*, 13 N. Y. Sup. 579, 580; *Howland v. R'y*, 134 Mo. 478, 480; *State to use v. Barada*, 57 Mo. 566; *Abernathy v. Whitehead*, 69 *Id.* 30; *State v. Barnett*, 96 *Id.* 133.

BIGGS, J.—Is the amount which is due under a certificate of insurance issued by a benevolent association subject to garnishment for the debts of the beneficiary? Under the stipulation of counsel this is the only question for decision, all others being waived.

The plaintiff sued Christian Heitz before a justice of the peace. The original summons was served on the sixteenth day of June, 1896. Subsequently there was an attachment in aid, and on the twenty-fifth of June the appellant herein was garnished. The attachment was sustained by the justice and final judgment was there rendered against Heitz for the debt. There was no appeal by Heitz. There was also a judgment against the appellant in the garnishment proceedings, from which an appeal was taken to the circuit court. The trial in the circuit court likewise resulted in a judgment against the appellant, from which an appeal has also been taken to this court. The facts concerning the alleged indebtedness from appellant to Heitz are undisputed. The appellant is a fraternal and benevolent association. It undertakes to provide for the families, etc., of its deceased members. The wife of Christian Heitz became a member of the

society on the eighth day of April, 1887. The certificate of insurance issued on her life was for $1,000, and her husband was named as the beneficiary. On April 23, 1896, she died, and at that time she was a member of the order in good standing. Proofs of her death were furnished on June 16, 1896. The appellant drew its warrant for the amount of the insurance. On June 19, Heitz indorsed the warrant to his children. On June 27 the appellant sent a draft to the secretary of the local lodge for the purpose of paying the warrant. The secretary cashed the draft, and on the twenty-eighth paid the money to the children. It will be noted that the money was paid after the service of the notice of garnishment. The appellant is incorporated under article 10, chapter 42 of the Statutes of Missouri, entitled "Benevolent, Religious, Scientific Fraternal-Beneficial, etc., Associations."

Two propositions are involved in the discussion of the question heretofore propounded. Could Christian Heitz have sued at law for the amount due INSURANCE: garnishment: liability of amount due under certificate in benevolent association for debts of beneficiary. under the certificate? It is clear that he could, and we do not understand counsel to controvert it. Hence the money in the hands of the appellant was subject to garnishment at the suit of the creditors of Heitz (R. S. 1889, secs. 5218 and 5221), unless it is exempt. We also understand counsel to concede that at the time of the death of Mrs. Heitz there was no statute expressly exempting this money from the claims of the creditors of Heitz. The contention is that the courts should create an exemption in his favor by mere construction. The argument in support of this is based on the beneficial objects of the society and on the spirit and purpose of the statute authorizing its incorporation, which was to provide for the families, widows and orphans of deceased members, and that therefore

an exemption existed in their favor by necessary implication. The most liberal construction will not authorize this conclusion. There is nothing in the statute as it existed at the time of the death of Mrs. Heitz which gives any countenance whatever to the proposition that the legislature intended to free money to be paid by benefit societies from liability for the debts of the beneficiaries, and no case has been cited which so holds except where the exemption was expressly declared by a local statute. The history of the legislation of this state on the subject of insurance shows that the subject has not been overlooked, but on the contrary it is manifest that prior to 1897 the legislative purpose was that the proceeds of such certificates should *not* be exempt. Thus the article governing insurance companies doing business on the assessment plan expressly exempts the proceeds arising from such insurance policies from the payment of the debts of the beneficiaries. (R. S. 1889, sec. 5867.) Section 5872 of the article expressly provides that nothing in the article should apply to insurance companies doing business as fraternal societies on the lodge system. It was not until 1897 that the legislature saw fit to create a like exemption as to money due under certificates issued by such societies. We are not without authorities in other jurisdictions to sustain our conclusion. The question arose in the state of New York under a statute similar to our own. There the society claimed that the amount due from it under one of its certificates could not be seized or garnished for the debts of the beneficiary. The court held that as the exemption did not exist in favor of the beneficiary, it could not exist in favor of the society. The court recognized the beneficent objects of the statute under which the society was organized, but it was unable to find any intention on the part of the legislature to exempt the

funds from the payment of the debts of the benefici-
aries. *Bolt v. Kehoe,* 30 Hun. 619. The same con-
clusion was reached in *Com. Travelers' Association v.
Newkirk,* 16 N. Y. Sup. 179.

The judgment will be affirmed. All the judges
concur.