Sternberg v. Levy.

SIMON STERNBERG, Appellant, v. PAULINE LEVY, Respondent.

St. Louis Court of Appeals, November 15, 1898.

1. **Fraternal Beneficial Society**: STATUTORY CONSTRUCTION: CREDITORS: FRAUDULENT CONVEYANCES: BENEFICIARY: INSURANCE. Prior to the passing of the acts of 1897 concerning fraternal benevolent associations doing business in this state, it was not the purpose of the statutes to vest in a designated beneficiary a fund which under the statute, Revised Statutes 1889, section 5170, would be liable to the creditors of the member of the association.

2 ———: ———: ———: CHARTER: BY-LAWS. Nor was it competent for the association through its charter or by-laws, to enable one of its members to thwart the provisions of the statute defining fraudulent conveyances.

3. ———: ———: ———: ———. Prior to 1897 the beneficiary in a fraternal benevolent association was not entitled, as against the creditors of a member, to any portion of the insurance evidenced by the benefit certificate which was *produced* by money which the member illegally withheld from his creditors and used to pay premiums or assessments.

4. ———: ———: ———: ———: INSOLVENCY: JUDGMENT CREDITOR: EQUITABLE INTERPLEADER. In the case at bar, the member was under no legal duty to support his widowed sister, nor to insure his life for her benefit; and his appropriation of $290 during his insolvency and during the existence of unsatisfied judgments against him was in contravention of the equitable rights of the owner of said judgments, and the fund produced thereby, is liable in the present proceeding to the satisfaction of said judgments held by the judgment creditor who has filed his equitable interplea.

Sternberg v. Levy.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

REVERSED AND REMANDED.

Judge BIGGS dissents.

CLOPTON & TREMBLY for appellant.

As against plaintiff an existing creditor, Joseph Levy had no legal right to pay assessments for the purpose of keeping a beneficiary certificate in force for the benefit of his adult sister. The payments made by him for that purpose after he became insolvent were presumably fraudulent as against plaintiff, an existing creditor. Snyder v. Free, 114 Mo. 360; Ins. Co. v. Sandfelder, 9 Mo. App. 285, and authorities there cited by appellants; Hoffman v. Nolte, 127 Mo. 120. Inasmuch as $290 of the $569 paid by Joseph Levy to keep the certificate in force were paid after he became insolvent and with money which should have gone to plaintiff as his creditor, plaintiff is entitled under the law and the facts disclosed by the first count of plaintiff's interplea to $\frac{290}{569}$ of the proceeds of the certificate or $2,038.66. Pullis v. Robison, 73 Mo. 201, 210. The second count of plaintiff's interplea sets forth good grounds why such portion of the proceeds of the certificate in question as might otherwise go to Pauline Levy, should be turned over to plaintiff. Eyermann v. Krieckhaus, 7 Mo. App. 455; Strauss v. Ayers, 34 Mo. App. 248–255, and numerous cases there cited by respondent; Epstein v. Clothing Co., 67 Mo. App. 221–226. The special bill of exceptions filed covers only the action of the court in striking out a part of plaintiff's interplea. No motion for new trial, or in arrest, was filed by plaintiff after Pauline Levy's motion for decree on the pleading was

sustained. This court, however, will review the action of the trial court in rendering a decree for Pauline Levy because errors, if any were committed by the trial court in so doing, arise on the record and such motions were not necessary. Funkhouser v. Mallen, 62 Mo. 555; Bagbee v. Emberson, 79 Mo. 139; Swaggard v. Hancock, 25 Mo. App. 596–604; Bauer v. Barnett, 46 Mo. App. 654.

W. C. & J. C. Jones and Giles Filley Jones for respondent.

This court can not consider the alleged error of the trial court in striking out part of the interplea of appellant. Bevin v. Powell, 11 Mo. App. 216–221; Hubbard v. Misenberry, 32 Mo. App. 459; Baleson v. Clark, 37 Mo. 31–34; State v. Gee, 79 Mo. 313; In re Gardner, 41 Mo. App. 589; Mockler v. Skellett, 36 Mo. App. 174–176; Swaggard v. Hancock, 25 Mo. App. 604. The motion to strike out was properly sustained. The certificate in question was effected without fraud and valid, when taken out, and must remain so as long as the assessments are paid in full. Pullis v. Robinson, 5 Mo. App. 448, 456. The interpleader, Sternberg, is not entitled to recover assessments paid by deceased while insolvent. Bank v. Hume, 128 U. S. 195; Conn. Ins. Co. v. Burroughs, 34 Conn. 305; Burroughs v. Ins. Co., 97 Mass. 359; Unity v. Dugan, 118 Mass. 219; Ashby v. Costin, 21 Q. B. 401; 29 La. An. 711; 51 Tex. 7; Bacon on Ben. Soc., 312. Though, if entitled to recover at all, the recovery should be limited to the amount of the assessments paid during insolvency, to wit, $290, with interest. Bacon [2 Ed.], sec. 312; Pence v. Makepeace, 65 Ind. 345; Stone v. Knickerbocker, 52 Ala. 589; Stigler v. Stigler, 77 Va. 163; Levy v. Taylor, 66 Tex. 652; Bank

v. Ins. Co., 24 Fed. Rep. 770; Bank v. Hume, 3 Mackay, 360. Interpleader Sternberg can not recover at all, for the Western Commercial Travelers' Association, one of the original defendants herein, is a fraternal beneficial society, organized under Revised Statutes Missouri, 1879, page 179, section 972, and the funds accumulated by such societies are limited to certain classes of beneficiaries, among which persons in the position of Interpleader Sternberg (*i. e.* creditors of the members) are not included. Knights of Honor v. Nairn, 60 Mich. 44; Legion of Honor v. Perry, 140 Mass. 580; Daniels v. Pratt, 143 Mass. 216; Duval v. Goodson, 79 Ky. 224; Aid Ass'n v. Gonser, 43 Ohio St. 1; State v. Ass'n, 29 Ohio St. 399. Interpleader Sternberg can not recover in this case for the further reason that under no circumstances could the funds payable upon the death of the member have been made payable to his estate, and thus have become liable for his debts Keener v. Grand Lodge, 38 Mo. App. 543, 552; Unity v. Dugan, 118 Mass. 219-221; Fenn v. Lewis, 10 Mo. App. 478, 481; Daniels v. Pratt, 143 Mass. 216.

BOND, J.—This is an equitable interpleader for a fund paid into court to be distributed according to the equities of the rival claimants. The fund in question is the proceeds of a benefit certificate issued about December 31, 1880, upon the life of Joseph Levy, and payable to his adult widowed sister. Joseph Levy died the sixteenth of December, 1897, whereupon $4,000, the amount of said certificate, was paid into court by the association of which he was a member. One hundred dollars was allowed the association as costs of its pleading, and it was stipulated that $1,400 should be paid to Pauline Levy, and an interpleading was had

between her and Simon Sternberg, a judgment cred-
itor of the said Joseph Levy, for the remaining $2,500.
A motion to strike out the part of the interplea of
Simon Sternberg was sustained, whereafter the cause
was submitted to the court upon motions for judgment
by the respective interpleaders on the allegations con-
tained in the two interpleas. The court gave judgment
for interpleader Pauline Levy and directed the pay-
ment to her of the fund in controversy, from which
decree interpleader Simon Sternberg duly appealed to
this court.

The decree of the trial court recites that it was
based on the "undenied and admitted" allegations in
the pleading. Whether it was proper under these
pleadings is the only question for review. The plead-
ings state in substance that the benefit certificate was
issued, made payable, and the right thereto accrued as
hereinbefore stated; that the association issuing the
same was organized under article 10, chapter 42 of the
Revised Statutes of 1889, limiting the beneficiaries of
such certificates to the class therein set forth; that
interpleader Pauline Levy was within this statutory
designation and so continued until the death of the
member; that interpleader Simon Sternberg did not
belong to said class, but was the owner of two unsatis-
fied judgments, dated July, 1891, against said Joseph
Levy, aggregating over $2,500; that said Levy for the
purpose of keeping the benefit certificate alive, paid in
assessments to said association $279 prior, and $290
subsequently to the rendition of said judgments; that
during the latter period said Joseph Levy was wholly
insolvent, and so continued until his death, at which
time he left no assets subject to execution at law and
none available in equity, unless the portion of the pro-
ceeds of the benefit certificate produced by the assess-
ments paid by him after his insolvency is applicable to

the judgments subsisting against him when the payments were made. It is objected to this view of the case that the rules of the order, as well as the statutes of the state, limit the appointment of beneficiaries to a designated class. It is therefore contended that the fund in question is beyond the reach of the creditor of the member, Simon Sternberg, and belongs absolutely to Pauline Levy, who is embraced in the class which the association was organized to insure. There might be some force in this contention if the rights of the claimants had accrued under a policy issued by a fraternal-benevolent association doing business in this state under the acts of 1897. See Session Acts, p. 132; Meyer v. Supreme Lodge K. & L. H., 72 Mo. App. 350. But in the case cited it was held by this court that prior to 1897 it was not the purpose of the legislature by designating a particular class of beneficiaries to exempt the amount due under the certificate issued by fraternal-beneficial societies from garnishment in the hands of the association for the debts of the beneficiary. It is equally clear that, prior to said date, it was not the purpose of the statute to vest in a designated beneficiary a fund which under the statute, Revised Statutes 1889, section 5170, would be liable to the creditors of the member of the order,

STATUTORY construction. nor was it competent for the association through its charter or by-laws, to enable one of its members to thwart the provisions of the statute defining fraudulent conveyances. Where a member used money, which he might lawfully withhold from his creditors, in the payment of assessments on benefit certificates, unquestionably his appointee would have been entitled to the proceeds of the certificate against the creditors of the member; but the protection of the beneficiary went no further prior to the said acts of 1897; nor was he entitled, as against the

creditors of tho member, to any portion of the insurance evidenced by the benefit certificate which was *produced* by money which the member illegally withheld from his creditors and used to pay premiums of assessments. This has been expressly decided by our supreme court. Pullis v. Robinson, 73 Mo. 201; affirmed in Chapman v. McIlwrath, 77 Mo. loc. cit. 46. In the case first cited it was held that the payment by a husband, while insolvent, of premiums in excess of $300 on insurance effected for the benefit of his wife, entitled his existing creditors to that proportion of the amount due under the policy of insurance which the premium paid during insolvency bore to those paid while the husband was solvent. That case is much stronger than the one at bar. It was decided under a statute exempting $300 of premiums paid by an insolvent member on a policy for his wife. It was ruled that the total amount of $343 paid during the insolvency of the husband inured to the benefit of his creditors, in the face of the fact that the beneficiary, the wife, was one to whom the husband owed both a legal and moral duty of support. In the case before us no exemption, statutory or otherwise, could arise, or is made upon the record. Meyer v. Supreme Lodge, K. & L. H., *supra;* Stotesbury v. Kirtland, 35 Mo. App. 148. The member was under no legal duty to support his widowed sister, nor to insure his life for her benefit. His appropriation of $290 during his insolvency and during the existence of the aforesaid judgment against him was in contravention of the equitable rights of the owner of said judgments, and the fund produced thereby is liable in the present proceeding to the satisfaction of said judgments. It thus appearing from the face of the pleadings and the decree in this cause that the judgment of the trial court was erroneous, it will be reversed and the cause

Duty of member.

remanded for a trial in conformity with this opinion. Judge BLAND concurs; Judge BIGGS dissents.

### DISSENTING OPINION BY JUDGE BIGGS.

The statement of facts in the majority opinion is substantially correct as far as it goes. It fails, however, to state that the certificate of insurance in question was issued by the Western Travelers' Association, which is a benevolent society, organized under article 10, chapter 42, of the Revised Statutes (1889) of Missouri, and that the interpleas herein are based on orders of the circuit court in an equitable garnishment proceeding instituted by Sternberg against the association and Pauline Levy, the object of which was to subject the amount due under the certificate to the payment of certain judgments against Joseph Levy, the member.

My associates rely on the cases of Pullis v. Robinson, 73 Mo. 201; and Chapman v. McIlwrath, 77 Mo. 38, and Meyer v. Supreme Lodge, 72 Mo. App. 350, as authority for the conclusion reached by them. The difficulty is that they have misapplied the decisions in those cases. In the *Pullis* and *Chapman* cases the supreme court was dealing with the proceeds of regular life insurance policies. In the former case the contest was between the creditors of the deceased husband and his widow. The life of the husband was insured in a life insurance company for the benefit of his wife. At the time the policy was issued the husband was solvent, but he subsequently became insolvent. He continued to pay the annual premiums which exceeded in amount what he might lawfully apply under section 5851 of the statute in purchasing insurance for the benefit of his wife. The section is found under article

2, chapter 89, entitled "Life and accident insurance," and is as follows:

"It shall be lawful for any married woman, by herself and in her name, or in the name of any third person, with his assent as her trustee, to cause to be insured, for her sole use, the life of her husband, for any definite period, or for the term of his natural life; and in case of her surviving such period or term, the sum or net amount of the insurance becoming due and payable by the terms of the insurance shall be payable to her and for her own use, free from the claims of the representatives of her husband or of any of his creditors; but when the premiums paid in any year out of the funds or property of the husband shall exceed five hundred dollars, such exemption from such claim shall not apply to so much of said premiums so paid as shall be in excess of five hundred dollars, but such excess, with interest thereon, shall inure to the benefit of his creditors."

*Statutory construction.*

Under these facts and the foregoing section of the statute as applicable thereto, the supreme court held that the proceeds of the policy should be distributed between the widow and the creditors of the deceased "in the proportion that the premiums paid by him when solvent bears to those paid after his insolvency." In other words, that the insurance purchased with premiums in excess of the amount allowed by statute inured to the benefit of the creditors of the husband. This disposition of the insurance money was in pursuance of the statute, and aside from the statute it would not have been contrary to the general policy of the law, for it is lawful for a life insurance company to issue policies on the lives of debtors for the benefit of their creditors. But under the laws of this state such a certificate or policy can not be issued by a benevolent

association. The death benefits are solely for "the relief and aid of the widows, orphans or other kindred dependents of deceased members, etc." (R. S. 1889, sec. 2823), and it is only lawful for such societies to accumulate a fund for the specified objects. It is clear that the creditors of the member can not be included in the above classifications, and it is equally clear under many decisions that an attempted diversion of such a fund, either by the society or the member, or by both, is a nullity. Therefore it is logical that if the society and member can not directly or indirectly insure the life of a member for the benefit of the latter's creditors, it is not possible for a court of equity to accomplish such a result by its decree. It is useless to argue that this is not the effect of the decision in this case. Sternberg claimed the fund as insurance money, and as such my associates award it to him. This ruling is opposed to all the decisions. I will only quote from a few of them.

Speaking of benevolent and fraternal associations, this court in Grand Lodge v. Elsner, 26 Mo. App. loc. cit. 117, quoted approvingly from the case of Grand Lodge v. Nairm, 60 Mich. 44, that "the law of that state (Missouri) expressly forbids corporations of this sort from paying benefits to any but the member's family or dependents. The intent of the prohibition is clearly to shut out all persons who are not actual relatives, or standing in place of relatives in some permanent way, or in some actual dependence on the member."

In Fenn v. Lewis, 10 Mo. App. 480, the widow and the administrator of a deceased member of a benevolent society claimed the proceeds of the certificate. The decision was in favor of the widow. The court said: "It does not seem to have been contemplated that the fund should be paid to the administrator

of the deceased, and made liable for his debts." This decision was affirmed by the supreme court (81 Mo. 259).

In Wagner v. Benefit Society, 70 Mo. App. 161, it appeared that the defendant, a benevolent association, was authorized to provide insurance for "the widows and orphans" of its members. A member died without children. By his last will he directed that the amount of the insurance should be paid to his father, in order to reimburse him for money paid to defray the expenses of the last sickness of the member. The plaintiff was the widow of the deceased, and she brought the action to recover the fund. The Kansas City court of appeals held that neither the association nor the member could provide for persons not named in the statute, and that the father being only a creditor of the deceased the attempt to secure the payment of his debt was a nullity.

In discussing the law applicable to fraternal societies, the supreme court in Masonic Benevolent Association v. Bunch, 109 Mo. loc. cit. 578, decided that "when the charter limits the beneficiaries to certain classes, the member has no power to designate some one not coming within those classes."

Many other cases could be cited which declare the same doctrine, In fact I have been unable to find any authority to the contrary. It being unlawful therefore for the creditor of a member of such a corporation to receive any benefit under such a certificate, it follows as a self-evident proposition that it is beyond the power of any court to award to him the money. In Ballou v. Gile, Administrator, 50 Wis. 614, the court decided that the fact that the association had paid the money into court, could not in any manner affect the rights of the legal beneficiaries, and if the plaintiff could not recover the money in a direct action against the

association, he could not recover on his interplea. "The court must see to it that the money is paid out as directed by the rules and laws governing the society."

The extent of our decision in Meyer v. Grand Lodge, *supra*, was that prior to the act of 1897 (Sess. Acts 1897, p. 132), the amount due under a certificate issued by a Benevolent Association was subject to garnishment for the debts of the beneficiary. This I think is plain law. But it does not follow that the same fund would be likewise subject to garnishment by a creditor of the *member*.

Under the foregoing authorities I am clearly convinced that the majority opinion in this case is wrong, and as I am also of the opinion that it is contrary to the decisions of the supreme court and the courts of appeals in the cases above referred to, I ask that the cause be certified to the supreme court.