## SARAH A. TATEUM *vs.* WILLIAM ROSS.

Worcester.   October 2, 1889. — January 2, 1890.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Creditor — Insurance as Collateral Security — Trust — Equity.*

A creditor made with his debtor an agreement in writing, which, after reciting the indebtedness, stated that he had effected insurance upon the life of the latter in a beneficiary association "for the purpose of securing the payment of his said

debt"; that the amount insured was made payable to the creditor "for the purpose of securing the payment of" the debt, as well as "to secure the payment of all death assessments" which might be paid by him; and that, in consideration of the foregoing, the creditor, upon payment by the debtor or his legal representatives of the debt and of his expenses, agreed to assign or cause to be assigned to the debtor, "or his legal representatives, all his interest in said insurance which I have, together with all my right, title, and interest in and to said insurance policy on the life of" the debtor. A certificate of membership in the association payable to the creditor was afterwards issued to the debtor upon his application, and the creditor made various payments upon it, and after the debtor's death received the proceeds. Thereupon the debtor's administratrix demanded an account, and, upon its being refused, brought a bill in equity against the creditor to recover a balance of such proceeds above the debt and his expenditures. *Held*, that the creditor held the certificate only as collateral security for the debt, and that the bill could be maintained.

BILL IN EQUITY, filed in the Superior Court on April 30, 1888, by the administratrix of the estate of Thomas E. Tateum, to recover a balance of the proceeds of a certificate of membership in a beneficiary association issued to the intestate, and made payable to the defendant. The defendant demurred for want of equity, and on the ground that the plaintiff had a plain, adequate, and complete remedy at law. *Dewey*, J., overruled the demurrer. The case was afterwards heard by *Staples*, J., and was as follows.

On March 19, 1881, the defendant, to whom Tateum was indebted in the sum of thirteen hundred dollars, executed the following agreement, a copy of which was annexed to the bill, and delivered it to Tateum:

" Whereas Thomas E. Tateum, of Worcester city and county and State of Massachusetts, is justly and truly indebted to William Ross of said Worcester city, in the sum of thirteen hundred dollars, and whereas the said William Ross, for the purpose of securing the payment of his said debt against the said Thomas E. Tateum, has this day effected an insurance upon the life of the said Thomas E. Tateum in the Massachusetts Benefit Association of Boston, in said State of Massachusetts, for the sum of five thousand dollars made payable to the said Ross in case of the death of said Tateum for the purpose of securing the payment of said Ross's debt as aforesaid; also so to secure the payment of all death assessments which may be paid by said Ross, the expenses of said insurance, and all other charges which said Ross may incur or may become liable for on account of said

insurance on said Tateum's life, and also all interest on said Tateum's debt to said Ross,

" Now therefore, I, the said William Ross, for and in consideration of the premises, do hereby agree to and with the said Thomas E. Tateum, that whenever the said Tateum shall pay or cause to be paid to said Ross, or his legal representatives, the whole amount of the debt now due from said Tateum to said Ross, with the interest on the same, together with all sums of money paid out by said Ross, or his legal representatives, for the expenses of said insurance in the said Massachusetts Benefit Association, and all the death assessments paid out, and all other expenses arising or growing out of said insurance of the life of said Tateum, then on payment in full of said sums as aforesaid, I, the said Ross, will assign or cause to be assigned to said Tateum or his legal representatives all his interest in said insurance which I have, together with all my right, title, and interest in and to said insurance policy on the life of said Tateum."

On the same day that the above agreement was delivered to him, Tateum signed an application to the beneficiary association referred to in the above agreement, in which he answered various interrogatories, stating in reply to one that the contract of insurance was made for the benefit of the defendant; and on March 23 following a certificate was issued, which stated that the association, on the faith of the statement and declarations made by Tateum in his application, constituted him a benefit member, and agreed to pay after due proof of his death a sum not to exceed five thousand dollars " to William Ross if living, if not, to his heirs at law." Both the certificate and application were made a part of the case. The defendant paid various assessments to the association, both before and after the death of Tateum. Tateum died in December, 1887, without having paid his debt to the defendant, the certificate being still in full force. Subsequently, the association, upon receiving a bond of indemnity from the defendant, paid him the sum of five thousand dollars upon the certificate. The plaintiff was duly appointed administratrix of the estate of Tateum on December 27, 1887, and thereafter made a demand upon the defendant for an account of his expenditures with respect to the certificate, but the defendant refused to render such an account.

The judge found that the expenditures of the defendant on account of the certificate, including interest on his debt, amounted to twenty-nine hundred and sixty-three $\frac{26}{100}$ dollars, which, deducted from the amount received by him, including interest thereon, disclosed a balance of twenty-four hundred and seventy-six $\frac{74}{100}$ dollars, and made a decree that the balance of such proceeds formed a part of the estate of Tateum, and that the defendant should forthwith pay it over to the plaintiff; and the defendant appealed to this court.

*F. A. Gaskill,* (*C. W. Wood* with him,) for the defendant.

*W. S. B. Hopkins,* for the plaintiff.

KNOWLTON, J.   The rights of the parties in this case depend upon the meaning of the contract, a copy of which is annexed to the plaintiff's bill.   The defendant contends that, under the contract, his right to the policy was absolute, and that he was entitled to all the proceeds of it, unless Thomas E. Tateum in his lifetime availed himself of his right to have it upon payment of the debt due the defendant, together with the premiums and the expenses of obtaining and continuing the insurance.   The plaintiff, on the other hand, contends that the contract shows the existence of a debt, payment of which the policy was given to secure, and that the right of the defendant was simply to hold the policy or the proceeds of it as collateral security.

A careful examination of the contract sustains the contention of the plaintiff.   If the theory of the defendant were correct, that his title was absolute, subject to the contingency that Tateum might pay the debt and have an assignment of the policy at any time during his life, on Tateum's failure to pay in his lifetime the defendant's title would become perfect, and he would retain the five thousand dollars, while the debt would remain unpaid and Tateum's estate would be liable to pay it. Such a result cannot be presumed to have been contemplated by the parties; and a construction of the contract which would lead to it should not be adopted unless the language requires it. The whole tenor of the writing is inconsistent with this view. The defendant is said to have effected the insurance " for the purpose of securing the payment of his said debt," and the five thousand dollars " is made payable to the said Ross . . . for the purpose of securing the payment of said Ross's debt as

aforesaid, also so to secure the payment of all death assessments which may be paid by said Ross," etc. On payment of his debt and expenses, the defendant agrees to assign "to said Tateum or his legal representatives," using language applicable in case of a redemption of the insurance after Tateum's death; and he recognizes the existence of an interest in the insurance belonging to Tateum, separate from his own, when he uses the words " all his [Tateum's] interest in said insurance which I have, together with all my right, title, and interest in and to said insurance policy on the life of said Tateum."

There is no doubt that the defendant's agreement was upon a sufficient consideration; for the writing expressly recites that his undertaking was in consideration of the facts previously stated, and the policy, which is made a part of the case, shows that Tateum assisted in procuring it, answered interrogatories propounded to him, and signed the application.

We are clearly of opinion that the plaintiff has a right to redeem the insurance under the contract.

The defendant contends that, at all events, the plaintiff is not entitled to relief in equity, and that her remedy, if she has any, is at law. But it appears that the defendant stood in a relation of trust to Tateum, with authority to pay out money from time to time on account of the insurance in which Tateum had an interest, and that Tateum had no means of knowing what payments were so made, except by an account which it was the duty of the defendant to render. Without the account which the defendant refused to give her, the plaintiff could not know for what sum to bring an action at law. The demurrer was rightly overruled, and the decree was well warranted by the facts proved.

*Decree affirmed.*