BARNABAS CLARKE vs. RACHEL A. SCHWARZENBERG,
executrix, & another.

Suffolk.    May 18, 1894. — September 6, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Beneficiary Association — Creditor — Dependent — Statute — Disposition
of the Proceeds of the Certificate.*

Under the Pub. Sts. c. 115, § 8, (as amended by the St. of 1882, c. 195, § 2,) in force
when a certificate was issued by a beneficiary association, a member could not
designate one who was merely a creditor as a beneficiary; and legislation passed
since the issuing of the certificate up to July 23, 1893, the date of the decease
of the assured, has not so changed the status of the beneficiary as to entitle
him to recover.

The fact that the designation of the beneficiary in a certificate issued by a bene-
ficiary association was invalid, does not render the whole contract void, and on
the death of the assured his executor is entitled to the money in trust for the
benefit of those who at the time the contract was made were entitled to be
named as beneficiaries.

LATHROP, J.    This is a bill in equity against the first named
defendant as executrix of the will of her husband, Moses H.
Schwarzenberg, and in her own right, and against the Mas-
sachusetts Benefit Association.    From the pleadings and the
report of a single justice, upon which the case is reserved for
our consideration, the following facts appear.

On May 5, 1885, the Massachusetts Benefit Association is-
sued to Moses H. Schwarzenberg a benefit certificate, under
seal, by the terms of which, in consideration of the payment
of fifteen dollars by Moses H. Schwarzenberg, and the agree-
ment on his part to accept certain conditions and rules as a
part of the contract, the association constituted Schwarzenberg
a benefit member, and agreed " to pay to Barnabas Clarke
(a dependent), if living, if not to the heirs at law of said
Barnabas Clarke, in sixty days after satisfactory proof of
the death of said member, a sum equal to the amount re-
ceived from a death assessment, but not to exceed five thou-
sand dollars."

The conditions and rules provide, among other things, for an

annual payment of six dollars, and for the payment of an additional assessment of eleven dollars and seventy-five cents, upon the death of any member.

On May 7, 1885, the plaintiff and Schwarzenberg executed the following instrument:

" Boston, May 7, 1885. I, Moses H. Schwarzenberg, of Boston, in consideration of one dollar to me paid by Barnabas Clarke, of said Boston, and for no other consideration except moral and equitable ones, hereby promise and agree to pay to said Clarke, his heirs, executors, and assigns, on the 15th day of May current, the sum of twenty-five dollars, and upon the 15th day of each and every month hereafter the sum of twenty-five dollars until said payments shall amount to the sum of twenty-seven hundred and forty-five dollars and 94 cents, together with interest thereon from date. To secure the payment of said sum I have given to said Clarke an insurance policy upon my life for $5,000 in the Mutual Benefit Association, which policy the said Clarke, for himself, his heirs and assigns, hereby agrees to transfer to Rachel A., the wife of the said Moses H., in case said sum of $2,745.94 and interest paid before the death of the said Schwarzenberg, and in case of his death before such payment then said Clarke agrees to pay out of any money received from said policy all that sum which may be left after payment of said $2,745.94 and interest, or any balance due thereon, to the said Rachel A.

" The said Clarke does not agree to do any other or further thing than is above set forth, except that he promises to aid the said Moses H. in his business as far as he conveniently can."

The policy referred to in this agreement as being in the Mutual Benefit Association was so stated by a mistake. It was in fact in the Massachusetts Benefit Association.

Moses H. Schwarzenberg died on July 21, 1893. There is due on the policy the sum of four thousand dollars. The plaintiff has had possession of the policy since May 7, 1885.

It is in dispute whether the parties to the agreement subsequently varied it, and what amount was due to the plaintiff from Schwarzenberg at the time of the death of the latter; and these questions are to be determined hereafter, if necessary.

There is nothing to show that the plaintiff paid any assess-- ment, and we assume that all the assessments were paid by Schwarzenberg.

The defendant association submits itself to the direction of the court, and says in its answer that it will pay the sum of four thousand dollars to whomsoever the court directs.

Under the statutes in force when the certificate in this case was issued, a member could not designate one who was merely a creditor as a beneficiary. Pub. Sts. c. 115, § 8. St. 1882, c. 195, § 2. *Briggs* v. *Earl*, 139 Mass. 473. *Skillings* v. *Massachusetts Benefit Association*, 146 Mass. 217. *Rindge* v. *New England Aid Society*, 146 Mass. 286.

The question then is, whether, as contended by the plaintiff, subsequent legislation has so changed the status of a beneficiary that the plaintiff is entitled to recover. We assume, in favor of the plaintiff, that the defendant association was not an organization conducting its business as a fraternal society on the lodge system, and that it did not come within any of the other exceptions mentioned in § 1 of the St. of 1885, c. 183, and that at some time subsequently to May 21, 1885, when that statute took effect, it conducted its business so as to come within the general provisions of that chapter. See *Harding* v. *Littlehale*, 150 Mass. 100. We may also assume that under that statute any person may be named as a beneficiary if he has an interest in the life insured. § 10. But the whole scope of the statute is prospective in its character, and § 5, in terms, applies only to a policy or certificate " hereafter issued by any corporation doing business under this act." The same remarks are true of the St. of 1890, c. 421.

The St. of 1888, c. 429, applies only to a fraternal beneficiary association; and its beneficiaries, by § 8, can only be the husband, wife, children, relatives of, or persons depending upon, such member.

The St. of 1890, c. 341, also applies only to fraternal beneficiary associations. It amends several sections of the St. of 1888, and adds to the persons who may be beneficiaries, but does not mention creditors.

We find nothing, therefore, in the legislation subsequently to the issuing of the benefit certificate in this case which makes

valid the designation of a beneficiary who could not be so designated at the time the certificate was issued.

The case of *Dean* v. *American Legion of Honor*, 156 Mass. 435, which decides that a person named as a beneficiary in a certificate issued by a corporation organized under the Pub. Sts. c. 115, § 8, might, since the passage of the St. of 1888, c. 429, sue thereon in his own name, has no application to the case at bar. It was the case of a fraternal beneficiary association, and the question before the court was as to the construction of a statute which does not apply to the case at bar.

In *Tateum* v. *Ross*, 150 Mass. 440, the question which is now presented was not considered by the court or discussed in the opinion; and that case cannot be considered as a precedent in favor of the plaintiff.

We are therefore of opinion that the plaintiff is not entitled to recover any part of the proceeds of the policy.

The remaining question is whether the first named defendant is entitled to receive the proceeds of the certificate; and we are of opinion that she is. Though the designation of the beneficiary was invalid, this did not render the whole contract void. The executrix is entitled to the money in trust for the benefit of those who at the time the contract was made were entitled to be named as beneficiaries. *American Legion of Honor* v. *Perry*, 140 Mass. 580. *Daniels* v. *Pratt*, 143 Mass. 216. *Rindge* v. *New England Aid Society*, 146 Mass. 286. *Burns* v. *Ancient Order of United Workmen*, 153 Mass. 173.

*Decree accordingly.*

*E. C. Bumpus & W. R. Trask*, (*R. F. Simes* with them,) for the plaintiff.

*W. N. Buffum*, for the first named defendant.