THE SUPREME LODGE, NEW ENGLAND ORDER OF PROTEC-
TION, vs. CHARLES F. HINE ET ALS.

Third Judicial District, New Haven, June Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The contract between a fraternal benefit society and its members—
evidenced by the application and certificate—is to be construed
in accordance with the laws of the State in which the society was
incorporated and in which its certificates of membership are
issued, as well as in accord with the charter and general laws of
the society.

The laws of Massachusetts, under which the plaintiff society was in-
corporated, provided that death-benefits should be payable only
to the "husband, wife . . . or relatives" of the person named
in the certificate. Held that "relatives" included only those of
the blood, and therefore a son-in-law of a member was ineligible
for designation as a beneficiary.

The designation of an ineligible beneficiary does not vitiate the con-
tract between the society and the member, but leaves matters as
though no designation had been attempted; in which case, unless
otherwise expressly provided, the persons indicated by statute
will take the death-benefit.

The designated beneficiary, whether legally eligible or not, has no
vested interest in the benefit fund during the lifetime of the mem-
ber; nor, if another be substituted as beneficiary pursuant to the
right of the member under his contract, has the former any lien
or claim upon the fund for reimbursement for dues and assess-
ments voluntarily paid by him in order to keep the membership
in force.

Payment of a member's dues in violation of the spirit of a statute, by
one who mistakenly supposes himself to be the legally designated
beneficiary, entitles him to no favorable consideration on equitable
grounds.

A claimant who has no right to any part of a death-benefit is in no
position to complain of the action of the trial court in awarding
the amount due to some one else.

Argued June 2d—decided July 20th, 1909.

ACTION of interpleader to determine the rights of the
respective respondents in and to a death-benefit fund of
$2,000, brought to and tried by the Superior Court in New

Haven County, *Reed, J.;* facts found and judgment rendered in favor of the respondent Mary A. Hines, from which the respondent Charles F. Hine appealed. *No error.*

*Seymour C. Loomis,* with whom was *Earnest C. Simpson,* for the appellant (respondent Charles F. Hine).

*Richard H. Tyner,* for the appellees (respondents other than Charles F. Hine).

THAYER, J. The plaintiff is a fraternal beneficiary society located in the Commonwealth of Massachusetts. James H. Hines of New Haven, now dead, was a member of the society. It issued its certificate for death benefits payable in the event of his death to his beneficiaries. The amount was $2,000. It admits its willingness and readiness to pay this sum to such person or persons as the court shall direct. We have to consider, therefore, only the rights of the claimants to the fund as between themselves.

On August 2d, 1895, the plaintiff, in compliance with an application made by said Hines, issued a certificate to him numbered 26,031, certifying that he was a member of the Order, and entitled to participate in the relief and benefit fund to the amount of $2,000, and stating that said sum should at his death be paid to "Mary A. Hines, wife, and Charles F. Hine, son-in-law." On the 19th day of October, 1900, Hines surrendered this certificate, and by indorsement thereon requested that a new certificate be issued to him in lieu thereof, for the same amount, payable in case of death to "Charles F. Hine, . . . son-in-law." In compliance therewith the plaintiff issued to him the certificate now in question, numbered 44,909, stating therein that the amount, $2,000, was "at his death to be paid to Charles F. Hine, . . . as son-in-law." This certificate was issued at Boston on the 19th day of October, 1900. James H. Hines died on the 2d day of January, 1908. According to the

laws of the lodge and the laws of Massachusetts, the amount named in the certificate became payable at the death of the member.

Said Charles F. Hine, who is one of the present claimants, was married to Margaret L. Hines, a daughter of said James H. Hines, prior to the issuance of either of the certificates mentioned above, and three children were born of said marriage prior to the death of James H. Hines, and still survive. On October 18th, 1907, said Charles F. Hine and Margaret L. Hine, in an action brought by the latter, were divorced, and the custody of the three children was granted to her. Two of the children are now living with and are, and since their birth have been, supported by their father. Neither he nor his former wife have since married. Mary A. Hines, the successful claimant in the court below, is the widow of James H. Hines. These are the only defendants now claiming the fund. The remaining defendants are the children of said James H. and Mary A. Hines. They have assigned any rights they may have in the fund in controversy to their mother, Mary A. Hines, and make no claim to it.

The application of Hines for membership, and the certificate issued to him by the plaintiff, constituted a contract between him and the Order. The plaintiff was a Massachusetts corporation, and the certificate was issued in Boston. But Hines was a member of the plaintiff Order, and was bound by the laws of that State so far as relates to his contractual relation with the Order. This is true, although, as appears to have been the case, the certificate was delivered in New Haven. The contract, therefore, is to be construed in accordance with the laws of that State and the charter and general laws of the corporation. It is provided in § 6 of chapter 119 of the Revised Laws of Massachusetts (1902), that death benefits of fraternal benefit societies shall be payable only to the husband, wife, betrothed, child by legal adoption, parent by legal adop-

tion, or relatives of, or persons dependent upon, the person named in the certificate. One of the objects of the plaintiff Order, as provided in its charter, is to establish a relief and benefit fund from which, upon the death of a beneficial member, "a sum not exceeding five thousand dollars shall be paid to such member or members of his or her family, person or persons dependent or related to him or her as he or she may have designated, to be paid as is provided by general laws." And section first of article first of its constitution declares it to be one of the objects of the Order to create such a fund, from which a sum not exceeding $3,000 shall be paid "to the husband, wife, affianced husband, affianced wife, relatives of or persons dependent upon such member." The corporation was thus authorized by the statute to establish a relief and benefit fund to be paid to certain classes of persons only, and its constitution declares that the fund is to be raised for the purpose of paying benefits to the classes of persons so fixed by the statute. Beneficial societies cannot create funds for the benefit of persons outside the classes mentioned in the statute, and no one outside of those classes can be a beneficiary. *American Legion of Honor* v. *Perry*, 140 Mass. 580, 589, 5 N. E. 634; *Tepper v. Royal Arcanum*, 61 N. J. Eq. 638, 640, 47 Atl. 460; *Lavigne* v. *Ligue des Patriotes*, 178 Mass. 25, 28, 59 N. E. 674.

The first question presented by the appeal is whether the appellant is within either of the classes mentioned in the statute and the charter of the corporation. The Superior Court has found that he was not dependent upon the member, James H. Hines, to whom the certificate was issued, and it is not claimed that he was eligible for designation as a beneficiary unless he was "a relative of" such member. He was the husband of the member's daughter at the time the certificate was issued, and he claims that this made him a relative within the meaning of the statute and the constitution of the Order. The appellees claim

that a son-in-law is not a relative of the member within the meaning of the statute and charter, but that, if he is, the divorce terminated that relationship between the appellant and Hines before the latter's death.

A son-in-law is a relative only by affinity. The statute provides specially that certain relatives by affinity—the husband or wife—may be made beneficiaries. This provision was unnecessary if relations by affinity, as well as by blood, were intended to be included in the word "relatives" as used in the statute. We think that only relatives by blood were intended to be included in that expression. And this seems to be the construction placed upon it by the Massachusetts courts. In *Shea* v. *Massachusetts Benefit Asso.*, 160 Mass. 289, 35 N. E. 855, the court, in accordance with the contention of both parties, held that a daughter-in-law was not within the classes of persons who may be beneficiaries under this statute. The designation of the appellant as beneficiary was therefore invalid from the beginning, and it is not necessary to inquire how his status would have been affected by the divorce had the original designation been valid. The Superior Court properly held that the appellant was not entitled to the fund.

But the improper designation of a beneficiary did not render void the contract between the society and the member. The designation was void, and left matters as though no designation had been attempted. *Doherty* v. *A. O. H. Widows', &c. Fund,* 176 Mass. 285, 287, 57 N. E. 463. Where statutes fix the classes of persons for whom the fund shall be accumulated, the persons so indicated will take where there has been no designation, or a void designation, of a beneficiary, unless otherwise provided by statute or the laws of the society. *Shea* v. *Massachusetts Benefit Asso.*, 160 Mass. 289, 35 N. E. 855; *Clarke* v. *Schwarzenberg,* 162 Mass. 98, 101, 38 N. E. 17; *Britton* v. *Royal Arcanum,* 46 N. J. Eq. 102, 109, 18 Atl. 675; *Knights of Columbus* v. *Rowe,* 70 Conn. 545, 551, 40 Atl. 451. The

widow and children of the deceased were the persons for
whom the fund had been obtained under the statute and
laws of the society, and the children having assigned any
interest they might have to the widow, she was entitled
to the fund. But if this were not so, the appellant cannot
complain of the judgment, as he has no interest in the fund,
and the plaintiff consents that it be disposed of as the
court shall order.

It appears from the finding that the appellant, believing
himself to be a legal beneficiary under each of the certifi-
cates, paid to the Order all the fees and assessments arising
from Hines' admission to and membership therein, including
those necessary to entitle him to participate in its relief and
benefit fund. The money was not advanced as a loan to
Hines, nor, so far as appears, under any agreement proper
or improper with him, but voluntarily, because it was sup-
posed that the appellant was the legally designated bene-
ficiary. He claims that if he is not entitled to the fund as
beneficiary, he is entitled to be reimbursed for the moneys
so paid. Under the laws of the Order and the terms of the
certificates the member could at any time cause the old
certificates to be canceled, and new ones issued naming
a new beneficiary of the fund. It is well settled that in
such a case a beneficiary under the old certificate, who has
paid dues and assessments, cannot recover money so paid
by him. The beneficiary has no vested interest in the fund
during the life of the member. The contract is with the
latter, who during his life may appoint any person within
the permitted classes to be the beneficiary. A beneficiary
who, knowing this, pays the assessments, takes his chance
of remaining beneficiary until the death of the member.
If a change is made, he has no lien or claim upon the fund
for the money so paid. A person improperly designated
can stand in this respect in no better position than he
would had he been properly designated. The payment
in either case is voluntary. The court properly held that

the appellant was not entitled to reimbursement for the money paid by him.

Independently of other considerations, no equity to a lien can exist in view of the Massachusetts statutes, chapter 119, § 8, prohibiting any contract between a member and another under which the latter, if made a beneficiary, shall pay the dues and assessments. The payment by the appellant violated the spirit of this law.

There is no error.

In this opinion the other judges concurred.