**COONEY et al. v. COOPER et al.**

No. 12813.

Circuit Court of Appeals, Eighth Circuit.

June 27, 1944.

John P. Griffin, of St. Louis, Mo., for appellants.

Ernest E. Baker, of St. Louis, Mo., for appellees.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

In February 1913 the United States Letter Carriers' Mutual Benefit Association of the National Association of Letter Carriers, a fraternal beneficiary association, operating under the laws of Missouri, issued a benefit certificate to one Fagan of St. Louis, Missouri, a member of the association. By the terms of the certificate the association became liable upon the death of Fagan to pay to the person entitled as beneficiary under the laws of the association the sum of $2,491.73. Fagan died in November 1941. Confronted with the demands of rival claimants to the proceeds of the certificate, the association brought this suit in interpleader to settle their rights. These rival claimants are Cooper and Demand, appellees, claiming as beneficiaries designated by Fagan, and Cooney and Peisker, appellants, claiming to be the legal beneficiaries under the provisions of the laws of the association.

The constitution of the association contains the following provision:

"Article II–Objects of the Association.

"To establish a Benefit Fund, from which * * * a sum not exceeding five thousand dollars shall be paid to the widow, children, relative of, or persons dependent upon such member, as he may direct in accordance with the general laws relating to benefit certificates * * *."

Section 2 of Law IV of the association limits the qualified beneficiaries to the following:

"Class First.

"Grade 1—Member's wife.

"Grade 2—Member's children and children of deceased children and member's children by legal adoption.

"Grade 3—Member's grandchildren.

"Grade 4—Member's parents, and member's parents by legal adoption.

"Grade 5—Member's brothers and sisters of the whole blood.

"Grade 6—Member's brothers and sisters of the half blood.

"Grade 7—Member's grandparents.

"Grade 8—Member's nieces and nephews (children of brothers and sisters of the whole blood).

"Grade 9—Member's nieces and nephews (children of brothers and sisters of the half blood).

"Grade 10—Member's cousins in the first degree.

"Grade 11—Member's aunts.

"Grade 12—Member's uncles.

"Grade 13—Member's relatives, other than those named in the precedent grades, who might be distributees of the personal estate of such member upon his death intestate.

"Grade 14—Member's father-in-law.

"Grade 15—Member's mother-in-law.

"Grade 16—Member's son-in-law.

"Grade 17—Member's daughter-in-law. .

"Grade 18—Member's step-father.

"Grade 19—Member's step-mother.

"Grade 20—Member's step-children.

"In either of which cases no proof of dependency of the beneficiary designated shall be required; but in cases of adoption, proof of the legal adoption of the child or the parent designated as the beneficiary satisfactory to the Chief Collector, must be furnished before the benefit certificate can be issued.

"Class Second.

"(1) To an affianced wife, or to any person who is dependent upon the member for maintenance, (food, clothing, lodging or education); in either of which cases written evidence of the affianced relation or dependency, within the requirement of the General Laws of the Association must be furnished to the satisfaction of the Chief Collector before the benefit certificate can be issued.

*     *     *     *     *

"(4) A certificate may be made payable to a bank or other corporation in trust for the beneficiaries; or to a person who may receive the proceeds for the benefit of the beneficiary or beneficiaries within the classes designated by the General Laws of the Association."

Section 7 of the same law provides:

"If at the time of the death of a member, who has designated as beneficiary a person of class second, the dependency required by the General Laws of the Association shall have ceased, or shall be found not to have existed, or if the designated beneficiary is his wife, and they shall be divorced, upon the application of either party, or if any designation shall fail for illegality, death of beneficiary, or otherwise, then the benefit shall be payable to the person or persons mentioned in class first, Sec. 2. If living, in the shares and order of precedence by grades as therein enumerated, the persons living of each precedent grade taking, in equal shares per capita, to the exclusion of all persons living of subsequently enumerated grades; except that in the distribution among persons of grade second the children of deceased children shall take by representation the share the parent would have received if living; and except that in the distribution among persons of grade thirteenth, only those who are next in kinship to the deceased member shall take. If no one of said class first shall be living at the death of the member, the benefit shall revert to the benefit fund."

The beneficiary originally designated in the certificate, Fagan's wife, died in June 1941. On the 8th day of August, 1941, Fagan designated as successor beneficiary, George Cooper, trustee for August Demand. Demand is the son of a brother of Mrs. Fagan. He was never a dependent of Fagan, nor a member of his family. Under

the laws of the association Demand is a qualified beneficiary only if the word "relatives", as used in grade 13 of the first class of permissible beneficiaries, is interpreted to include a deceased member's relatives by affinity. If "relatives" is so interpreted, Demand "might be a distributee of the personal estate" of Fagan upon his death intestate, survived neither by a wife nor kindred of the blood capable of inheriting. Missouri Revised Statutes 1939, § 308, Mo.R.S.A. Appellants, Cooney and Peisker, are qualified beneficiaries under grade 8 of the first class of permissible beneficiaries, being children of Fagan's sister of the whole blood. They are the only survivors of Fagan related to him by consanguinity and included within grades 2 to 8, inclusive, of the first class of permissible beneficiaries. It follows that, if Demand was not qualified under the laws of the association as a permissible beneficiary, the appellants are entitled to the proceeds of the certificate under Section 7 of Law IV of the association providing that: "if any designation shall fail for illegality * * * then the benefit shall be payable to the person or persons mentioned in class first, Sec. 2. If living, in the shares and order of precedence by grades as therein enumerated, the persons living of each precedent grade taking, in equal shares per capita to the exclusion of all persons living of subsequently enumerated grades." ·

The district court concluded that Demand was a relative of Fagan within the meaning of grade 13 of the first class of permissible beneficiaries. Judgment was accordingly entered in favor of George Cooper, trustee for August Demand. ·

No Missouri case interpreting the term "relatives", as used in the certificate of a fraternal beneficiary association, has been called to our attention, and none has been found. The noun "relatives" is a word of flexible meaning. Preferred Accident Ins. Co. v. Onali, 8 Cir., 125 F.2d 580, 582. It is to be interpreted in the light of the context in which it is employed, with regard to the character of the writing in which it appears, and in accord with the statutes governing the transaction which the writing records. In Missouri, as in all jurisdictions, the word "relatives" in wills, conveyances, and statutes of descents and distributions is construed, in the absence of a·clearly manifested contrary intention, as including relatives by consanguinity and as excluding relatives by af-finity. Rauch v. Metz, Mo.Sup., 212 S.W. 353, 355; McMenamy v. Kampelmann, 273 Mo. 450, 200 S.W. 1075. It is well settled in Missouri that a benefit certificate is different from an ordinary life insurance policy and is testamentary in character. Smith v. Travelers' Protective Ass'n of America, 319 Mo. 1120, 6 S.W.2d 870, 876. In Hofman v. Grand Lodge Brotherhood of Locomotive Firemen, 73 Mo.App. 47, 55, and in Peterson v. National Council of Knights and Ladies of Security, 189 Mo. App. 662, 175 S.W. 284, it was held that the word "family", as used in certificates of fraternal beneficiary associations, should be given a liberal interpretation to effectuate the purposes of the associations as declared in their constitutions. See also Logan et al. v. St. Louis Police Relief Ass'n, Mo.App., 133 S.W.2d 1048. The reasoning of the Missouri courts in these opinions affords some basis for the inference that the same courts would give a liberal interpretation to the word "relatives" when necessary to effectuate the declared purpose of a benefit association. In other jurisdictions, the word "relatives" in certificates of fraternal beneficiary associations has been held to include relatives by affinity, when that interpretation was in conformity with the evident purpose for which the association issuing the certificate was organized, and was not prohibited by statute. Simcoke v. Grand Lodge A.O.U.W., 84 Iowa 383, 51 N.W. 8, 9, 15 L.R.A. 114; Anderson v. Supreme Council Catholic Benevolent Legion, 69 N.J.Eq. 176, 60 A. 759; Bennett v. Van Riper, 47 N.J.Eq. 563, 22 A. 1055, 14 L.R.A. 342, 24 Am.St.Rep. 416; Tepper v. Supreme Council of Royal Arcanum, 61 N.J.Eq. 638, 47 A. 460, 461, 88 Am.St. Rep. 449. See also Sovereign Camp of W. O. W. v. Cole, 124 Miss. 299, 86 So. 802. These cases, however, go no further than the holding that the word "relatives" in a fraternal beneficiary association certificate is to be given the meaning which the law of the association and the controlling statute of the state require.

At the date of the issue of the certificate involved in this suit, the statute of Missouri governing fraternal beneficiary association provided:

"Sec. 7. Beneficiaries.—The payment of death benefits shall be confined to wife, husband, relatives by blood to the fourth degree ascending or descending, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchil-

dren, children by legal adoption, or to a person or persons dependent upon the member: Provided, that if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the society, to make such institutions his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member: Provided, that any society may, by its laws, limit the scope of beneficiaries within the above class." Laws Missouri 1911, p. 286; Mo.R.S.1919, § 6403; Mo.R.S.1929, § 5995.

At the time of the death of the member Fagan, the applicable statute of Missouri read as follows:

"No beneficiary shall have or obtain any vested interest in the proceeds of any certificate until such certificate has become due and payable in conformity with the provisions of the insurance contract. The insured member shall have the right at all times to change the beneficiary or beneficiaries in accordance with the constitution, by-laws, rules, or regulations of the society. Every society may, by its constitution, by-laws, rules, or regulations, limit the scope of beneficiaries. R.S.1929, § 5995. Reenacted, Laws 1939, p. 430." 15 Mo.R.S.A. § 6110.

■ In Missouri, a fraternal beneficiary association can not issue a certificate payable to a beneficiary not related to the member as required by the laws of Missouri or by the laws of the association. Long v. Montgomery, Mo.App., 22 S.W.2d 206; Dennis v. Modern Brotherhood of America, 119 Mo.App. 210, 95 S.W. 967; Pope v. Sovereign Camp, W.O.W., 207 Mo.App. 593, 227 S.W. 907; Logan v. St. Louis Police Relief Ass'n, supra. The statute in effect at the time the association issued the certificate naming Fagan's wife as beneficiary limited the legal beneficiaries of the certificate to the wife, relatives of the blood of the member to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to persons dependent upon the member, with permission to the association to fur-

ther limit the scope of permissible beneficiaries. Under the statute in question, relatives by affinity permitted to be made beneficiaries are set out with particularity. Demand, as a son of a brother of the member's wife, could not qualify. If the Missouri statute in force at the time of Fagan's death (§ 6110, Mo.R.S.1939, Mo.R.S.A.) repealed the limitations with respect to relatives by affinity qualified as beneficiaries, imposed by the prior statute, it is significant that the association has retained these limitations by setting out the particular relatives by affinity specified in the first statute. Since the statute now in force in Missouri authorizes the association to limit the scope of permissible beneficiaries, it is within the power of the association to adhere to the limitations placed upon legal beneficiaries by the statute in force at the time of the original issue of the certificate. The fact that the association has not taken advantage of the greater liberality with respect to the beneficiaries, permitted by the Missouri statute now in force, indicates an intention on its part to conform to the provisions of the prior statute in respect to relatives by affinity.

■ Moreover, without regard to the statutory requirements concerning beneficiaries of certificates of the character here involved, the laws of the association in force at the death of the member must be construed to limit the member's relatives by affinity who may qualify as beneficiaries to those specifically stated in the association's laws. If the word "relatives", as used in grade 13 of the first class, was intended to include relatives by affinity, it was entirely unnecessary for the association to specify as permissible beneficiaries any of such relatives by affinity named in grades 14 to 20, inclusive, since all of the relatives by affinity named in the grades mentioned would have been included within grade 13 as relatives "who might be distributees of the personal estate of such member upon his death intestate" under the applicable section of the Missouri statute of descents and distributions, Mo.R.S.1939, § 308, Mo. R.S.A. All of the permissible beneficiaries enumerated in the first class in the grades preceding grade 13, with the exception of grade 1, the member's wife, are related by consanguinity to the member. Grade 13 logically should be interpreted, in the use of the word "relatives", to include only those relatives by consanguinity not mentioned in the preceding grades; and the

fact that the following grades 14 to 20, inclusive, specify particular relatives by affinity indicates an intention to exclude from permissible beneficiaries all other relatives by affinity not expressly included within these grades. This interpretation of the language of the certificate finds support in Supreme Lodge, New England Order of Protection v. Hine, 82 Conn. 315, 319, 73 A. 791.

In conclusion it may be noted that, in the absence of controlling decisions of Missouri courts, the decision of this court in Preferred Accident Ins. Co. v. Onali, supra, is not without weight on the question here. In this case it was held that the word "relatives", as used in a policy of automobile indemnity insurance did not include the insured's sister-in-law, but was limited to those related to the insured by consanguinity.

The judgment of the district court is reversed, and the cause is remanded with directions to enter judgment in favor of appellants.